STATE OF CONNECTICUT *v.* KEVIN COUGHLIN
(AC 19522)

Mihalakos, Pellegrino and Daly, Js.

Argued September 29—officially released December 12, 2000

*James J. Ruane*, with whom, on the brief, was *James O. Ruane*, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Stephen Carney*, assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Kevin Coughlin, appeals from the judgment of conviction, rendered after a jury trial, of assault in the second degree with a motor vehicle in violation of General Statutes § 53a-60d,[1] operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) (1)[2] and operating a motor vehicle while the

---

[1] General Statutes § 53a-60d (a) provides in relevant part: "A person is guilty of assault in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor . . . he causes serious physical injury to another person as a consequence of the effect of such liquor . . . ."

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor . . . . A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor . . . if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor . . . or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

ratio of alcohol in his blood was ten-hundredths of 1 percent or more of alcohol in violation of General Statutes § 14-227a (a) (2).[3] The defendant claims that the trial court improperly (1) admitted evidence of his blood alcohol content, (2) admitted a laboratory report that contained test results that showed a positive reading for a trace of cocaine in his blood, (3) denied his motion to dismiss counts two[4] and three[5] of the information because they were barred by the statute of limitations, and (4) admitted medical opinion testimony on the issue of intoxication. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On December 23, 1996, a conversion van operated by the defendant crossed the center line on Route 12 near Jewett City and collided with a pickup truck that was traveling in the opposite direction. The driver and sole occupant of the pickup truck, Warren King, was seriously injured in the crash. Two of King's coworkers, Patrice Bennet and James Bennet, were also traveling along Route 12 directly behind King's truck. Immediately after the collision, the Bennets came upon the scene and found King's pickup truck in pieces in the middle of the road with the defendant's vehicle nearby. Connecticut State Police Trooper David Hayes arrived at the scene shortly thereafter.

Hayes observed the defendant lying on the floor of the van, with his head toward the rear. Hayes further saw a shoe stuck beneath the brake pedal of the van. The defendant had no shoe on his left foot. Hayes broke one of the van's windows to gain entry and found the defendant breathing, but unresponsive. The defendant was taken by ambulance to William Backus Memorial

---

[3] See footnote 2.

[4] Count two alleged that the defendant operated a motor vehicle while under the influence of liquor in violation of § 14-227a (a) (1).

[5] Count three alleged that the defendant operating a motor vehicle while the ratio of alcohol to blood was 0.10 percent in violation of § 14-227a (a) (2).

Hospital, where blood and urine samples were taken. The defendant was diagnosed with a bruise to the left knee and released. Additional facts will be discussed where relevant to the issues on appeal.

I

The defendant first claims that the court improperly admitted evidence of his blood alcohol content (BAC). Specifically, he claims that the collection and analysis of his blood were unreliable and did not comply with General Statutes § 14-227a (*l*)[6] because the person who collected the blood could not be identified. We disagree.

The following additional facts are relevant to the resolution of this issue. The defendant's BAC was tested while he was at the hospital. At trial, Joel Milzoff, a toxicologist and manager of the state health department's toxicology laboratory, testified that on the night of the accident the defendant's BAC was 0.17 percent and that this level would have been achieved by a person the defendant's size ingesting about fifteen drinks. Vivian Weinberger, a physician, also testified that the laboratory tests reflected a BAC level of 0.17 percent. The defendant objected on the grounds that the BAC results lacked an adequate chain of custody. The record does not reflect whether the court ever ruled on that objection.

---

[6] General Statutes § 14-227a (*l*) provides in relevant part: "Notwithstanding the provisions of subsection (c) or this section, evidence respecting the amount of alcohol . . . in the blood of an operator of a motor vehicle involved in an accident who has suffered or allegedly suffered physical injury in such accident, which evidence is derived from a chemical analysis of a blood sample taken from such person after such accident at . . . a hospital, shall be competent evidence to establish probable cause for the arrest by warrant of such person for a violation of subsection (a) of this section and shall be admissible and competent in any subsequent prosecution thereof if . . . (2) the blood sample was taken by a person licensed to practice medicine in this state, a resident physician or intern in any hospital in this state, a phlebotomist, a qualified laboratory technician, an emergency medical technician II or a registered nurse . . . ."

Section 14-227a (*l*) requires that blood drawn in cases such as the one before us be "taken by a person licensed to practice medicine in this state, a resident physician or intern in any hospital in this state, a phlebotomist, a qualified laboratory technician, an emergency medical technician II or a registered nurse . . . ." General Statutes § 14-227a (*l*). At trial, Weinberger testified that the routine emergency room protocol at the hospital required that a registered nurse draw the defendant's blood after he was admitted to the hospital. Rhonda Quinley, a registered nurse who was on duty in the emergency room on the night that the defendant was brought in, testified that his blood had been drawn by either herself or Barbara Wollen, the other registered nurse on duty that night. We are satisfied that the hospital's internal policy of having a registered nurse draw blood from patients who are admitted and the fact that the emergency room was staffed with two registered nurses in the early morning hours of December 23, 1996, show that the requirements of § 14-227a (*l*) have been met.

## II

The defendant next claims that court improperly admitted a laboratory report that showed a positive reading for a trace of cocaine in his blood. We disagree.

The following additional facts are relevant to the resolution of this issue. When the defendant was admitted to the hospital on December 23, 1996, a urine sample was taken. The urine sample was then screened for narcotic substances in accordance with hospital procedures for trauma patients. The laboratory report that contained the results of that screening indicated that there had been a positive screen for cocaine, but that the results could not be considered to be positive for cocaine unless they were confirmed by an alternate method of testing. This laboratory report subsequently

became part of the defendant's permanent hospital record.

On March 25, 1997, the defendant returned to the hospital and insisted on looking at his file. Once given the file, the defendant ripped out the green laboratory report from the file fastener and secreted it in his jacket. The defendant returned the report only after he was confronted by the director of the records department.

At trial, the state sought to enter into evidence the entire hospital file to illustrate that the laboratory report had been ripped from its folder by the defendant and that it therefore was relevant to show his state of mind. The defendant objected, requesting that the reference to cocaine in the laboratory report be redacted. The court allowed the hospital record to be admitted into evidence without redaction. In its final charge, however, the court instructed the jury: "This is a case involving driving while under the influence of intoxicating liquor or driving with a certain blood alcohol content. It does not—this case does not involve drugs. The laboratory report that is . . . exhibit N reports the results of the several tests conducted by the hospital on what has been called a standard trauma panel. This is a panel of tests automatically run on accident victims. You should draw no inference adverse to the defendant because tests for illicit drugs were included in the panel. . . . There is absolutely no evidence about cocaine in this case. You must totally remove from your minds anything about drugs when considering this case."

The defendant claims to have been prejudiced by the court's admission of the laboratory report and that the admission of that evidence, therefore, was an abuse of the court's discretion. "[O]ur review of a trial court's evidentiary ruling is limited. Evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial

prejudice or injustice. *State* v. *Alvarez*, 216 Conn. 301, 306, 579 A.2d 515 (1990). In considering whether the trial court abused its discretion, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor if its correctness . . . ." (Internal quotation marks omitted.) *State* v. *Correa*, 57 Conn. App. 98, 107, 748 A.2d 307, cert. denied, 253 Conn. 908, 753 A.2d 941 (2000).

"Unless there is a clear indication to the contrary, a jury is presumed to follow the court's instructions. *State* v. *Negron*, 221 Conn. 315, 331, 603 A.2d 1138 (1992). Additionally, when a claimed error does not involve a constitutional issue, the burden is on the defendant *to demonstrate that it is more probable than not that improper action of the court affected the result.*" *State* v. *Sivri*, 46 Conn. App. 578, 583, 700 A.2d 96, cert. denied, 243 Conn. 938, 702 A.2d 644 (1997).

We conclude that the court's limiting instruction to the jury was sufficient to negate any potentially adverse effect of the admission of the unredacted laboratory report. There was no abuse of discretion.

III

The defendant next claims that the court improperly denied his motion to dismiss counts two and three of the information because the statute of limitations precluded prosecution of those counts. We disagree.

The following additional facts are relevant to the resolution of this issue. On February 24, 1997, an arrest warrant was issued for the defendant charging him with assault in the second degree with a motor vehicle and failure to keep to the right in connection with the motor vehicle accident that occurred on December 23, 1996. The defendant was arrested on April 4, 1997. The state filed a substitute information on December 16, 1998,

charging the defendant with (1) assault in the second degree with a motor vehicle, (2) operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a) (1), and (3) a violation of § 14-227a (a) (2). On December 18, 1998, the defendant filed a motion to dismiss counts two and three, claiming that those counts were barred by the statute of limitations. The court denied the defendant's motion.

When an issue on appeal concerns a question of law, as does the one before us, this court reviews that claim de novo. See *State* v. *Wiggs*, 60 Conn. App. 551, 554, 760 A.2d 148 (2000) (review of trial court denial of motion to dismiss).

Pursuant to General Statutes § 54-193 (b),[7] the charged violations of § 14-227a were subject to a one year limitations period because they were not punishable by a term of imprisonment of more than one year.

"The statute of limitations is not a jurisdictional bar to prosecution; it is an affirmative defense, which must be raised and can be waived." *State* v. *Middlebrook*, 51 Conn. App. 711, 713 n.4, 725 A.2d 351, cert. denied, 248 Conn. 910, 731 A.2d 310 (1999). We find no evidence that the defendant raised the statute of limitations as an affirmative defense at trial. We therefore find that the court did not improperly deny the defendant's motion to dismiss.

## IV

The defendant next claims that the court improperly admitted medical opinion testimony. We disagree.

---

[7] General Statutes § 54-193 (b) provides: "No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d, except within one year next after the offense has been committed."

The following additional facts are necessary to the resolution of this claim. At trial, over defense counsel's objection, Weinberger testified that the defendant's BAC was at a high level, which, in her medical opinion, meant that the defendant was intoxicated. Weinberger also testified that "intoxicated" meant that the defendant had enough alcohol in his system to impair his mind, thinking, reactions, ability to make decisions and behavior. Weinberger concluded, on the basis of the information in the defendant's medical record, that the defendant was intoxicated on the night of the accident. The defendant claims that because the jury was asked to decide the case on the basis of the legal definition of "intoxication," Weinberger's medical opinion testimony on the issue of intoxication was improperly admitted, as it was neither relevant nor probative. We disagree.

We state again that "[o]ur review of a trial court's evidentiary ruling is limited. Evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. *State* v. *Alvarez*, [supra, 216 Conn. 306]. In considering whether the trial court abused its discretion, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor if its correctness . . . . " (Internal quotation marks omitted.) *State* v. *Correa*, supra, 57 Conn. App. 107.

We find that there was no abuse of discretion, and that the defendant failed to show substantial prejudice and injustice on the part of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.