MARTIN P. HEISE *v.* BRUCE R. ROSOW
(AC 19596)

Foti, Zarella and Peters, Js.

Argued September 19, 2000—officially released March 13, 2001

*Robert A. Ziegler*, with whom, on the brief, were *Leslee B. Hill* and *Edward B. Bradley*, for the appellant (plaintiff).

*Richard P. Weinstein*, with whom were *Nathan A. Schatz* and, on the brief, *Kerry M. Wisser*, for the appellee (defendant).

*Opinion*

ZARELLA, J. The plaintiff, Martin P. Heise,[1] appeals from the judgment of the trial court rendered after the granting of the motion to set aside the judgment filed by the defendant, Bruce R. Rosow. On appeal, Heise contends that the court improperly concluded that (1) the assignment of a Florida judgment to Heise, the trustee of the judgment codebtors, extinguished the judgment and (2) Heise's payment for the assignment was equivalent to a payment by a judgment debtor, which, coupled with the payments of the other judgment codebtors, constituted payment in full and, thus, extinguished the judgment. We reverse the judgment of the trial court.

The motion to set aside the judgment was submitted to the court on a stipulation of facts. Those facts are summarized as follows. On June 8, 1992, the Circuit Court for Polk County, Florida rendered judgment in favor of the First Union National Bank of Florida (bank) in the principal amount of $339,440.65, with interest to accrue on the unpaid amount at 12 percent per annum. The defendants in that action and against whom judgment was rendered were Louis Amodio, John Amodio, Gerald Benson, Louis Brunette, Michael D'Addabbo,

---

[1] The plaintiff shall be referred to as Heise or the trustee throughout this opinion.

Terry Fletcher, Bruce R. Rosow, Donald Griggs, Edward Mauro and H. McMurry.

On July 27, 1992, the bank sent a certified letter to each of the defendants in the Florida action, demanding that they pay their pro rata share of the debt. Rosow received the letter, but failed to pay the judgment.

On August 18, 1992, the bank released Louis Amodio, John Amodio, Gerald Benson and Edward Mauro (settling parties) from any liability in exchange for a payment of $129,991.20, which left an outstanding balance on the Florida judgment of $217,373.05 plus interest. Also on August 18, 1992, the settling parties created a trust and designated Heise as the trustee.[2] Each of the settling parties contributed $48,746.71 to the trust for a total of $194,986.84. Heise paid that amount to the bank in exchange for an assignment of the Florida judgment. The clerk of the Circuit Court of Polk County then "filed, recorded, and record verified" the assignment.

Heise later filed a certified copy of the Florida judgment in Connecticut pursuant to the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq.[3] Heise notified Griggs, one of the original Florida defendants who had not settled the claim, of the filing and his intent to enforce the judgment. On March 3, 1997, Heise executed a satisfaction of judg-

---

[2] The memorandum of trust states in relevant part: "That the purpose of the Trust is a 'dry or passive' Trust and that Heise may not act nor may the Trust be amended without the unanimous written consent of all Beneficiaries. Heise shall not be liable to the Settlors or Beneficiaries for any and all actions that he takes as a result of written instructions from the Beneficiaries and the Beneficiaries, jointly and severally agree to indemnify, hold harmless, and defend Heise from and against any and all claims that may be asserted by third parties against Heise [an/or] [sic] any losses or damages that Heise may suffer by reason of acting as Trustee herein."

[3] General Statutes § 52-604 provides in relevant part: " '[F]oreign judgment' means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment."

ment as to Griggs in exchange for Griggs' payment of $55,301.81, which represented his pro rata share of the judgment.

Heise similarly notified Rosow of his intent to enforce the Florida judgment. Rosow refused to pay and, in response, filed a motion to set aside the judgment, claiming that "the plaintiff-assignee of the underlying Florida judgment is an *agent* of certain other cojudgment debtors of the defendants and, therefore, is not entitled to enforce the judgment against the defendant. Under these circumstances, the judgment is deemed extinguished and the plaintiff is instead limited to a separate action for contribution with regard to only a portion of the subject judgment." (Emphasis added.) Rosow further claimed that he did not owe any amount on the Florida judgment.[4] The court accepted the stipulation of the parties and, after oral argument, granted the motion.

On May 19, 1999, Heise appealed from the court's judgment. On August 2, 1999, Heise filed a motion for an articulation of the court's basis for finding that Heise's payment to the bank was the equivalent of a payment by a judgment codebtor and not a payment in Heise's capacity as trustee. On August 6, 1999, the court denied the motion. Heise subsequently filed a motion seeking review of the court's decision. In an order dated October 6, 1999, this court granted the motion for review, but denied the relief requested.

We note that because the parties have stipulated to the facts, we review the parties' claims de novo. "[T]he legal inferences properly to be drawn from the parties' definitive stipulation of facts raise questions of law rather than of fact." (Internal quotation marks omitted.) *Steelcase, Inc.* v. *Crystal,* 238 Conn. 571, 577, 680 A.2d

---

[4] Rosow maintains that the only remedy available to the judgment codebtors in this situation is an action for contribution.

289 (1996). "When an issue on appeal concerns a question of law, as does the one before us, this court reviews that claim de novo." *State* v. *Coughlin*, 61 Conn. App. 90, 97, 762 A.2d 1 (2000), cert. denied, 255 Conn. 934, 767 A.2d 105 (2001).

## I

We initially address Rosow's assertion that the claims raised by Heise on appeal are not reviewable. Rosow contends that Heise's arguments are based on factual and legal claims that were not raised in the trial court and, thus, should not be afforded review pursuant to Practice Book § 60-5.[5] Rosow specifically claims that Heise is challenging for the first time on appeal Rosow's assertion that Heise was an agent of the judgment codebtors. We disagree.

We begin our discussion by noting that Rosow's motion to set aside the judgment alleged that Heise was an agent of the judgment codebtors. By alleging that Heise was an agent, Rosow placed the issue before the court and assumed the burden of proving that fact. "The *burden* of proving agency *is on the party asserting its existence.*" (Emphasis added.) *Housatonic Valley Publishing Co.* v. *Citytrust*, 4 Conn. App. 12, 16, 492 A.2d 203 (1985). "It is fundamental in our law that the party asserting a fact has the obligation of proving it. . . . [W]henever the existence of any fact is necessary in order that a party may make out his case or establish his defense, the burden is on such party to show the existence of such fact." (Citation omitted; internal quotation marks omitted.) *Albert Mendel & Son, Inc.* v. *Krogh*, 4 Conn. App. 117, 124, 492 A.2d 536 (1985).

---

[5] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

At oral argument on his motion, Rosow argued that the judgment had been satisfied and, therefore, Heise was precluded from enforcing it. Rosow further argued that Heise's payments should not be construed as consideration for the assignment of the judgment. Rather, they should be credited, along with other payments, toward the underlying judgment. The foregoing argument was consistent with Rosow's allegation in his motion that Heise was an agent for the judgment codebtors. By contrast, Heise argued that his payments were to procure the assignment of the judgment and were not to be credited toward the underlying judgment.[6] Accordingly, the issues of the nature of the payments and the capacity in which Heise made them were before the court. As a consequence, the court was required to determine the capacity in which Heise made the payment to the bank.

In its memorandum of decision, the court determined that "[i]n the absence of contradictory statutory or decisional law I see no reason why the general rule prohibiting a judgment codebtor from assuming a judgment against the other judgment codebtors should not be the rule recognized in Connecticut." The court then concluded that the payment by the four judgment codebtors to the bank together with the trustee's payment and Griggs' payment were sufficient to discharge the outstanding debt. Implicit in the court's decision was the determination that Heise was acting, as alleged by Rosow, as an agent of the four judgment codebtors who created and funded the trust, rather than as an independent trustee, when he procured the assignment of the judgment.

---

[6] In regard to the judgment, the plaintiff argued: "It clearly hasn't been satisfied, and it hasn't been satisfied even in full or for the purchase price because if four debtors paid $129,000 to provide a release, the judgment that was certified into this court reflects that happening. Then one hundred and ninety-four [thousand dollars] came in through the dry trust. It hasn't been satisfied."

Under the circumstances of this case, in which the defendant has the burden of proving that the trustee was acting in the capacity of an agent and where the court's conclusions necessarily required a determination that the trustee was an agent, we conclude that review is appropriate.

## II

Having determined that review is warranted, we now turn to the issues raised on appeal. Heise first claims that the court improperly concluded that the assignment of the Florida judgment to a judgment codebtor extinguished the judgment. Heise also claims that the court improperly determined that his payment, coupled with the payments of the other judgment codebtors, constituted payment of the judgment in full and, thus, extinguished the judgment. Both of those issues turn on the determination of the capacity in which Heise acted and the nature of the payment he made to acquire the judgment.

We begin our analysis by noting that "[a] formal stipulation of facts by the parties constitutes a judicial admission and should usually be adopted by the court deciding the case. . . . An admission concedes the truth of some fact so that no evidence need be offered to prove it." (Citation omitted.) *State* v. *Phidd*, 42 Conn. App. 17, 31, 681 A.2d 310, cert. denied, 238 Conn. 907, 679 A.2d 2 (1996), cert. denied, 520 U.S. 1108, 117 S. Ct. 1115, 137 L. Ed. 2d 315 (1997).

In the present case, the parties stipulated to the fact that "[o]n or about August 18, 1992, those . . . [settling parties] entered into a Memorandum of Trust under which said defendants appointed Martin P. Heise to act as their trustee and to purchase the Florida judgment from the Bank and to hold the Florida judgment as their trustee." A copy of the trust agreement was attached to the stipulation of facts, which the court later adopted.

In his brief, Rosow points out that the trust agreement provides "[t]hat the purpose of the Trust is a 'dry or passive' Trust and that Heise may not act . . . without the unanimous written consent of all Beneficiaries." According to that language, Rosow claims, "the Memorandum of Trust does not imbue the plaintiff with the usual powers of a trustee," and "the Memorandum of Trust appoints the plaintiff as the mere agent of [the settling parties] . . . to act in regard to the judgment exclusively at *their* direction and only with *their* consent." (Emphasis in original.) We disagree.

It is a well established legal principle that "[a] trustee is not an agent. An agent represents and acts for his principal, who may be either a natural or artificial person. A trustee may be defined generally as a person in whom some estate, interest, or power in or affecting property is vested for the benefit of another." *Taylor* v. *Davis*, 110 U.S. 330, 334–35, 4 S. Ct. 147, 28 L. Ed. 163 (1884). Section 8 of the Restatement (Second) Trusts, comment (b) (1959), also endorses the principle that a trustee is distinct from an agent. "An agent undertakes to act on behalf of his principal and subject to his control . . . a trustee as such is not subject to the control of the beneficiary, except that he is under a duty to deal with the trust property for his benefit in accordance with the terms of the trust and can be compelled . . . to perform this duty."[7] Id., pp. 23–24.

In the present case, the stipulation of facts provides that Heise is a trustee. The capacity in which Heise acted is not subject to question in light of the stipulated facts. There is no language in the stipulation regarding

[7] General Statutes (Rev. to 1997) § 34-508 (a) provides in relevant part: "A statutory trust shall have the power to sue and be sued in its own name. In furtherance of the foregoing, a statutory trust may be sued for debts and other obligations or liabilities contracted or incurred by the trustees . . . [and] [t]he property of a statutory trust shall be subject to . . . execution as if it were a domestic corporation. . . ."

Heise's acting as an agent or a "purported trustee." Specifically, the stipulation states that the settling parties "entered into a Memorandum of Trust under which said defendants appointed Martin P. Heise *to act as their trustee* and to purchase the Florida judgment . . . and *to hold the Florida judgment as their trustee.*" (Emphasis added.) Moreover, there are no stipulated facts that would allow the court reasonably to infer that the trustee was acting in any capacity other than in his stated capacity as a trustee. Paragraph six of the trust agreement states that "[t]he Settlors hereby authorize Martin P. Heise, Trustee, to retain legal counsel to collect on the above referenced Judgment." The beneficiaries are precluded from directing the trustee unless there is unanimous consent and the direction is received in writing. Contrary to the defendant's contentions, Heise is not "stripped of all discretion and independent authority over the 'trust' property," and does not owe a duty of obedience to the settling parties, as is typical in an agency relationship, but rather, owes a duty to conform to the terms of the trust. All decisions regarding collection of the judgment are to be made by Heise subject only to the unanimous written direction by the settlors.

Having determined that the evidence was insufficient for the court to find that Heise acted as an agent rather than as a trustee, we conclude that the assignment of the judgment to Heise did not extinguish the judgment. In addition, the court improperly construed the payment by Heise as a payment by a judgment codebtor toward the outstanding debt rather than as a payment by a third party for an assignment of the judgment. Accordingly, we conclude that the court improperly barred the enforcement of the Florida judgment in Connecticut.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.