2005 UT App 466

**STATE of Utah, Plaintiff and Appellee,**

v.

**Larry McCLOUD, Defendant and Appellant.**

**No. 20030340–CA.**

Court of Appeals of Utah.

Nov. 3, 2005.

---

Elizabeth Hunt, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Marian Decker, asst. atty. gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and THORNE, Jr., J.

## OPINION

BENCH, Associate Presiding Judge:

¶ 1 Defendant Larry McCloud appeals his conviction of one count of aggravated sexual abuse of a child, a first degree felony in violation of Utah Code section 76–5–404.1(4)(h), and three counts of sodomy on a child, first degree felonies in violation of Utah Code section 76–5–403.1. *See* Utah Code Ann. §§ 76–5–404.1(4)(h), –403.1 (2003). We affirm, but direct that the conviction of aggravated sexual abuse of a child be reduced to sexual abuse of a child.

## BACKGROUND [1]

¶ 2 B.M., born in 1984, alleged that her father, McCloud, sexually molested her on several occasions during his post-divorce visits. The first act occurred in 1989, when B.M. was five, and consisted of McCloud sexually abusing B.M. in the shower. Additional acts of sexual contact occurred when B.M. was between the ages of seven and ten. In 1998, when she was fourteen, B.M. told a therapist about the shower incident. In 2000, after B.M. experienced continual weight loss, sleeplessness, and an attempted suicide, she began revealing all the incidents of sexual contact to various people including her mother, a psychiatrist, a psychologist, a biofeedback counselor, and a Utah Division of Child and Family Services caseworker.

¶ 3 McCloud maintains that he never had any sexual contact with B.M. When questioned by the police about the shower incident, in a delayed response, McCloud admitted to showering with B.M. to teach her how to wash her hair. He stated that his delayed response was out of concern that the police would see the incident as "dirty."

¶ 4 Ultimately, McCloud was arrested and bound over for trial. During the jury voir dire, one of the jurors, Juror Rodriguez, did not disclose certain information regarding her limited contact with sexually abused victims. After closing arguments, McCloud moved for a mistrial based on the prosecutor's closing statements. The district court subsequently denied McCloud's motion for a mistrial. The jury returned a verdict, convicting McCloud of aggravated sexual abuse of a child for the shower incident (Count 1), and three counts of sodomy on a child (Counts 3, 4, and 7). He was acquitted on the remaining three counts of sodomy (Counts 2, 5, and 6). McCloud motioned for a new trial, alleging juror misconduct and claiming that the district court applied an incorrect statute of limitations to Count 1. The district court denied McCloud's motion for a new trial. McCloud now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 McCloud first asserts that the correct statute of limitations bars the charge of aggravated sexual abuse of a child and that this error requires reversal on all counts and a new trial. McCloud did not raise this issue below, and thus, must show either plain error, ineffective assistance of counsel, or exceptional circumstances.[2] *See State v. Weaver*, 2005 UT 49, ¶ 18, 531 Utah Adv. Rep. 15 (stating that there are three instances when an issue may be raised for the first time on appeal: plain error, ineffective assistance of counsel, and exceptional circumstances).

¶ 6 Second, McCloud argues that the prosecutor's comments in closing arguments, stating that the defense had copies of B.M.'s prior interviews and testimonies and that her trial testimony had been consistent, amounts to prosecutorial misconduct. McCloud did not raise this issue below, and thus, must show either plain error, ineffective assistance of counsel, or exceptional circumstances. *See id.*

---

1. "We relate the facts in the light most favorable to the jury's verdict." *State v. Litherland*, 2000 UT 76, ¶ 2, 12 P.3d 92.

2. McCloud's statute of limitations argument on appeal is different from the argument in his motion for a new trial; thus, he is raising his current claim here for the first time.

¶ 7 Third, McCloud contends that the district court erred in denying his motion for a new trial for juror misconduct. "When reviewing a trial court's denial of a motion for a new trial, we will not reverse absent a clear abuse of discretion by the trial court." *State v. Pinder*, 2005 UT 15,¶ 20, 114 P.3d 551 (citations and quotations omitted). The legal standards applied in denying the motion are reviewed for correctness, and the factual findings are reviewed for clear error. *See id.*

¶ 8 Fourth, McCloud asserts a new trial is required because the district court did not adequately cover voir dire instructions proposed by McCloud's trial counsel. McCloud did not raise this issue below, and thus, must show plain error, ineffective assistance of counsel, or exceptional circumstances. *See Weaver*, 2005 UT 49 at ¶ 18, 122 P.3d 566.

¶ 9 Fifth, McCloud contends that the district court erred in denying his motion for mistrial where the court allowed the jury to convict on the basis of proof that was a year off the charged date. This court reviews a district court's ruling on a mistrial motion for an abuse of discretion. *See State v. Cram*, 2002 UT 37,¶ 6, 46 P.3d 230.

¶ 10 Finally, McCloud argues that the reasonable doubt jury instructions were inadequate. McCloud did not raise this issue below, and thus, must show plain error, ineffective assistance of counsel, or exceptional circumstances. *See Weaver*, 2005 UT 49 at ¶ 18, 122 P.3d 566.

## ANALYSIS

### I. Statute of Limitations

■ ¶ 11 McCloud asserts that the correct statute of limitations bars Count 1, aggravated sexual abuse of a child. On appeal, the parties concede that the incorrect statute of limitations for Count 1 was applied at the trial level. After the trial in this case, the Utah Supreme Court in *State v. Lusk*, 2001 UT 102, 37 P.3d 1103, clarified a statutory amendment. In 1996, the legislature added aggravated sexual abuse to those offenses qualifying for an extended statute of limitations of four years after the report of the crime. *See id.* at ¶ 16. Prior to 1996, aggravated sexual abuse of a child was part of the general catchall statute of limitations of just four years after the act. *See id.* at ¶ 13; Utah Code Ann. § 76–1–302(1)(a) (1978). The court in *Lusk* held that the 1996 amendment cannot be applied retroactively to cases wherein the four year catchall statute of limitations had expired prior to 1996. *See id.* at ¶¶ 25–31. In this case, Count 1 took place in 1989; therefore, the claim expired in 1993, precluding the application of the 1996 amendment.

■ ¶ 12 Claiming plain error, ineffective assistance of counsel, and exceptional circumstances, McCloud contends that the correct statute of limitations must be applied. In order to establish plain error, McCloud must show: "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993). The statute of limitations is a defense that may be waived. *See James v. Galetka*, 965 P.2d 567, 572–573 (Utah Ct.App.1998). Because the statute of limitations is a waivable defense, the district court did not commit plain error by not invoking the defense on behalf of McCloud.

■ ¶ 13 To establish ineffective assistance of counsel, McCloud must demonstrate that trial counsel's performance "was deficient, in that it fell below an objective standard of reasonable professional judgment" and that the performance was prejudicial. *State v. Litherland*, 2000 UT 76,¶ 19, 12 P.3d 92. The law at issue here was not clear until after trial, when the Utah Supreme Court decided *Lusk*. McCloud therefore cannot show that his trial counsel rendered deficient performance by not knowing at trial that the amended statute of limitations did not apply to Count 1.

¶ 14 Though McCloud has failed to demonstrate either plain error or ineffective assistance of counsel, we can apply the exceptional circumstances concept to avoid a manifest injustice. *See State v. Nelson–Waggoner*, 2004 UT 29,¶ 23, 94 P.3d 186. This concept "is used sparingly, properly reserved for truly exceptional situations ... involving 'rare procedural anomalies.'" *State v. Irwin*, 924 P.2d 5, 11 (Utah Ct.App.1996) (quoting

*Dunn*, 850 P.2d at 1209 n. 3). The Utah Supreme Court has applied this concept "where a change in law or the settled interpretation of law colored the failure to have raised an issue at trial." *Id.* at 10; *see also State v. Lopez* 873 P.2d 1127, 1134 n. 2 (Utah 1994); *State v. Haston*, 846 P.2d 1276, 1277 (Utah 1993).

¶ 15 Although the statute of limitations was unclear at the time of trial, the law has now been clarified. Based on exceptional circumstances, McCloud asserts that the statute of limitations entitles him to a new trial. A new trial, however, is not necessary. Each element of the lesser included offense of sexual abuse of a child on Count 1 was established at trial, and that offense is not barred by the statute of limitations.[3] For the jury to convict for aggravated sexual abuse under Utah Code section 76-5-404.1, it had to find the elements of sexual abuse plus one other factor—that McCloud held a "position of special trust in relation to" B.M. Utah Code Ann. § 76-5-404.1(4)(h) (2003). "[T]here is no question that the jury found beyond a reasonable doubt all the facts necessary to convict" McCloud of sexual abuse of a child for Count 1, which charge was not time barred. *Dunn*, 850 P.2d at 1212. Therefore, based on exceptional circumstances, we vacate the conviction for aggravated sexual abuse of a child on Count 1 and remand the case for resentencing for the lesser included offense of sexual abuse of a child. *See id.* (holding that the appellate court may enter a judgment of a lesser included offense if the trier of fact found each element of the offense and the error in the conviction of the greater offense did not affect the findings of the lesser offense); *State v. Lyman*, 966 P.2d 278, 285 (Utah Ct.App. 1998) (stating that the appellate court may enter judgment for misdemeanor theft where evidence supports such conviction though it did not support the felony conviction).

## II. Prosecutorial Misconduct

¶ 16 McCloud asserts prosecutorial misconduct based on the prosecutor's alleged misrepresentations in closing arguments that the defense had copies of B.M.'s prior interviews and testimonies and that her trial testimony had been consistent. McCloud contends that relief for this error should be granted under both plain error and ineffective assistance of counsel. Both of these theories require McCloud to show that he was prejudiced by the prosecutor's closing arguments. *See State v. Ellifritz*, 835 P.2d 170, 174 (Utah Ct.App.1992). In this case, regardless of whether the arguments constituted misconduct, the comments did not prejudice McCloud. The jury acquitted on the counts where McCloud presented evidence of confusion as to the dates of the alleged abuse; therefore, it is evident that the jury was not misled into believing that B.M.'s testimony was consistent. Thus, where McCloud has not shown prejudice, he cannot prevail on his claims of plain error and ineffective assistance of counsel. *See id.*

## III. Juror Misconduct

¶ 17 McCloud contends that a new trial is required because of Juror Rodriguez's alleged misconduct during voir dire. To merit a new trial based on juror misconduct, McCloud must demonstrate "that (1) 'a juror failed to answer honestly a material question on voir dire,' and (2) 'a correct response would have provided a valid basis for a challenge for cause.' " *State v. Thomas*, 830 P.2d 243, 245 (Utah 1992) (quoting *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984)). McCloud argued in his motion for a new trial that Juror Rodriguez failed to answer honestly three voir dire questions. First, Juror Rodriguez was asked whether she, a close family member, or a close friend volunteered or worked for a victim's organi-

---

**3.** In 1991, the legislature extended the statute of limitations for sexual abuse of a child to four years after the reporting of the incident. *See State v. Lusk*, 2001 UT 102, ¶ 16, 37 P.3d 1103. Pursuant to the reasoning in *Lusk*, this amendment may be applied retroactively to the charge of sexual abuse of a child for Count 1, because the previous statute of limitations had not ex-

pired at the time of the amendment. *See Lusk*, 2001 UT 102 at ¶ 26, 37 P.3d 1103 ("We hold that a statutory amendment enlarging a statute of limitations will extend the limitations period applicable to a crime already committed only if the amendment becomes effective before the previously applicable statute of limitations has run, thereby barring prosecution of the crime.").

zation. Juror Rodriguez did not mention her occupation as a school teacher at an alternative high school or her friend's occupation as a language arts teacher and part-time school counselor. But because a school is not a victim's organization, Juror Rodriguez's non-response was not dishonest.

¶ 18 Second, when asked if she had any close friends who had been victims of similar crimes, Juror Rodriguez did not disclose a supportive relationship she maintained with a student who had been sexually abused. Juror Rodriguez testified that, although she cared for this student, she did not consider the student a close personal friend, and thus, the student did not come to mind when asked about close friends in voir dire. The failure to disclose this relationship does not constitute a dishonest answer.

¶ 19 Third, Juror Rodriguez remained silent when asked whether there was anything that would impact her service as a juror. Besides the evidence presented for the first two questions, which we find unpersuasive, there was no further evidence to show why Juror Rodriguez should have spoken up when asked this catchall question. Therefore, because McCloud has not demonstrated that Juror Rodriguez "failed to answer honestly a material question," *Thomas*, 830 P.2d at 245, the district court did not clearly abuse its discretion in denying McCloud's motion for a new trial based on juror misconduct. *See State v. Pinder*, 2005 UT 15, ¶ 20, 114 P.3d 551 (stating that "absent a clear abuse of discretion" the denial of a new trial motion will be affirmed).

## IV. Inadequate Voir Dire

¶ 20 McCloud next argues that a new trial is required because of inadequate voir dire. McCloud contends that relief for this error should be granted under plain error or ineffective assistance of counsel. Where defense counsel did not express any concerns with the voir dire, other than those discussed and resolved at trial, counsel invited any alleged error. We are thus precluded from addressing the plain-error claim. *See State v. Hamilton*, 2003 UT 22, ¶ 54, 70 P.3d 111; *State v. Miller*, 674 P.2d 130, 131 (Utah 1983) ("Counsel neither objected, reminded the

judge of the oversight, made a new request, nor asked permission personally to voir dire the jury.... Such failure effectively waived the error.").

¶ 21 Further, to establish ineffective assistance of counsel, McCloud must demonstrate that trial counsel's performance "was deficient, in that it fell below an objective standard of reasonable professional judgment" and that the performance was prejudicial. *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92. Though defense counsel's proposed voir dire questions were not given verbatim, they were given in substance. Thus, the defense did not perform deficiently in not objecting to the district court's voir dire questions. McCloud's ineffective assistance claim therefore fails. *See id.*

¶ 22 Notably, the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) stated that counsel's conduct must be reviewed from counsel's perspective at the time of the questioned performance, making every effort to "eliminate the distorting effects of hindsight." Because Juror Rodriguez's alleged bias as a school teacher, who had some level of contact with sexually abused students, did not become evident until after trial, it cannot be used to show error in not pursuing a particular line of questions during voir dire.

## V. Court's Instruction on Count 2

¶ 23 McCloud argues that a new trial is required because of the court's instruction that a conviction could rest on evidence a year off the charged date. At trial, McCloud objected to the State's closing argument that "[a]s to Count No. 2, Christmas Eve, I ask you to find that B.M. was abused two Christmas Eves, the one in 1993, and the other one on or about Christmas Eve of 1991. Meaning it could be Christmas 1992...." McCloud argued at trial and later moved for a mistrial on the grounds that "you cannot argue a one year date later as being part of on or about in a charged information ... it is in violation of the right of confrontation." The district court instructed the jury that "if they believe[d] that Christmas Eve 1992 is on or about Christmas Eve of 1991, they may make

that determination," and dismissed McCloud's motion for a mistrial.

¶ 24 The State asserts that McCloud does not have standing to argue this point. "To have standing, [McCloud] must have 'suffered some distinct and palpable injury that gives him a personal stake in the outcome.'" *State v. Tuttle*, 780 P.2d 1203, 1207 (Utah 1989) (citations omitted). The "[d]etermination of the question does not require lengthy analysis." *Id.* Where McCloud was acquitted for Count 2, he did not suffer a distinct injury, and therefore, lacks standing to challenge this instruction.

## VI. The Reasonable Doubt Instructions

¶ 25 McCloud argues that a new trial is required because the jury instructions did not include that the State's proof must *obviate* all reasonable doubt as required by *State v. Robertson*, 932 P.2d 1219, 1232 (Utah 1997). McCloud claims that the failure to include the term "obviate" in the jury instructions "constituted structural error which [unlike a plain error claim] requires no showing of harm." *State v. Weaver*, 2005 UT 49, ¶ 6, 531 Utah Adv. Rep. 15. "'We need not determine whether [McCloud's] failure to object to the reasonable doubt instructions forecloses his claim of structural error because we conclude that the [district] court's reasonable doubt instructions were not erroneous—the first prong in structural error and plain error analyses.'" *Id.* (quoting *State v. Cruz*, 2005 UT 45, ¶ 18, 530 Utah Adv. Rep 30).

¶ 26 In *State v. Reyes*, 2005 UT 33, 116 P.3d 305, the Utah Supreme Court overruled the *Robertson* test, and adopted the standard set forth in *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). *See Weaver*, 2005 UT 49 at ¶ 7, 122 P.3d 566. "Under that standard, the determinative question now is whether the instructions, taken as a whole, correctly communicate that a defendant cannot be convicted of a crime except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* (citation and quotations omitted). The instructions in this case, "provided a clear and accurate definition of proof beyond a

reasonable doubt and correctly informed the jury of the prosecution's burden of proving the defendant's guilt." *Id.* at ¶ 8. Where the instructions conveyed all the information required by the *Victor* test, "the trial court's reasonable doubt instructions were not erroneous and do not warrant a new trial." *Id.*

## CONCLUSION

¶ 27 We affirm the convictions for sodomy on a child, Counts 3, 4, and 7. We remand the case to the district court with instructions to set aside McCloud's conviction of aggravated sexual abuse of a child, to enter a judgment for sexual abuse of a child on Count 1, and to sentence McCloud accordingly.

¶ 28 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and WILLIAM A. THORNE JR., Judge.