**2015 UT App 35**

## THE UTAH COURT OF APPEALS

MARCIA J. CROSSGROVE AND GREGORY P. CROSSGROVE,
Plaintiffs and Appellants,
*v.*
STAN CHECKETTS PROPERTIES, LLC,
Defendant and Appellee.

Memorandum Decision
No. 20130814-CA
Filed February 20, 2015

First District Court, Logan Department
The Honorable Thomas Willmore
No. 110102427

W. Scott Lythgoe, Attorney for Appellants

Miles P. Jensen, Jeremy S. Raymond, and Seth J.
Tait, Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES J. FREDERIC VOROS JR.
and STEPHEN L. ROTH concurred.

CHRISTIANSEN, Judge:

¶1      Marcia J. Crossgrove was injured when she slipped and fell in an icy parking lot while retrieving office mail for S&S Worldwide, Inc., her employer. S&S leased its building and the use of the adjacent parking lot from Stan Checketts Properties, LLC (Checketts). Mrs. Crossgrove and her husband filed suit against Checketts for negligence and loss of consortium, alleging that Checketts had a duty to maintain the parking lot and had failed to reasonably do so. Checketts moved for summary judgment, arguing that it owed no duty to Mrs. Crossgrove, because S&S, not Checketts, was in possession of the parking lot at the time of the

accident. The district court agreed with Checketts and granted its motion for summary judgment. The Crossgroves appeal.

¶2 A district court may grant summary judgment only when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P 56(c). "We review the trial court's summary judgment for correctness, considering only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Hermansen v. Tasulis*, 2002 UT 52, ¶ 10, 48 P.3d 235. In reviewing a grant of summary judgment, "we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Id.* (citation and internal quotation marks omitted).

¶3 To prevail on a negligence claim, a plaintiff must establish "(1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages." *Torrie v. Weber County*, 2013 UT 48, ¶ 9, 309 P.3d 216 (citation and internal quotation marks omitted). The district court must decide as a matter of law whether a duty exists. *Id.* If the district court determines that the defendant owed no duty to the plaintiff, "there can be no negligence as a matter of law, and summary judgment is appropriate." *Tallman v. City of Hurricane*, 1999 UT 55, ¶ 5, 985 P.2d 892 (citation and internal quotation marks omitted).

¶4 Here, the district court concluded that Checketts owed no duty to Mrs. Crossgrove, because S&S was in possession of the parking lot at the time of the accident and the icy condition that led to her injuries did not exist at the time Checketts transferred possession to S&S. "Our supreme court has held that 'it is the tenant who is liable for any dangerous condition on the premises which he creates or permits to come into existence after he has taken possession.'" *Dahlstrom v. Nass*, 2005 UT App 433, ¶ 10, 126 P.3d 773 (emphases omitted) (quoting *Stephenson v. Warner*, 581

P.2d 567, 568–69 (Utah 1978)). S&S entered into a lease agreement with Checketts on January 1, 2007. The relevant portion of that lease agreement provides, "[Checketts] leases to [S&S], and [S&S] leases from [Checketts,] buildings and space located at 350 West 2500 North, Logan, Utah, together with the right to use parking spaces in the adjacent parking lot." The lease also provides that "[S&S] shall provide maintenance and upkeep of parking and landscape areas adjacent to the Premises and utilized by [S&S]." Mrs. Crossgrove was injured in the adjacent parking lot on December 31, 2007. The court determined that S&S had taken possession of the parking lot when it executed the lease on January 1, 2007, nearly a year before Mrs. Crossgrove's injury, and that the dangerous condition did not exist at the time S&S took possession.[1]

¶5    The Crossgroves argue that the district court's determination that S&S was in possession of the parking lot is erroneous. However, we conclude that this argument is inadequately briefed, and the Crossgroves have therefore failed to meet their burden to demonstrate error in the district court's ruling.

¶6    An appellant's brief is inadequate "if it merely contains bald citations to authority [without] development of that authority and reasoned analysis based on that authority." *Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 (alteration in original) (citation and internal quotation marks omitted). We will not assume the appellant's burden of argument and research where the contentions are "asserted without the support of legal reasoning or authority." *Angel Investors, LLC v. Garrity*, 2009 UT 40, ¶ 36, 216 P.3d 944. Thus, an inadequately briefed argument is insufficient to discharge an appellant's burden of persuasion on appeal. *Giles v. Mineral Res. Int'l, Inc.*, 2014 UT App 259, ¶¶ 6, 12, 338 P.3d 825.

---

1. The district court took judicial notice that "any snow existing on January 1, 2007, would not still be present a year later." The Crossgroves do not challenge this aspect of the district court's ruling.

¶7     Because the lease agreement assigns to S&S "the right to use parking spaces in the adjacent parking lot," the Crossgroves assert that "[c]learly, the tenant is not specifically leasing the parking lot, and as the property owner[,] Checketts retained control of the parking lot." Thus, the Crossgroves appear to argue that the lease agreement's assignment to S&S of the right to use the parking lot and the responsibility for maintenance thereof are legally inadequate to constitute possession by S&S. However, the Crossgroves cite no legal authority for this proposition and, indeed, conduct no legal analysis of what constitutes possession for purposes of allocating duties between landlords and tenants. They have therefore failed to demonstrate that the district court's conclusion is erroneous.

¶8     The Crossgroves cursorily attempt to distinguish this case from *Dahlstrom v. Nass*, 2005 UT App 433, 126 P.3d 773, and *Stephenson v. Warner*, 581 P.2d 567 (Utah 1978). They argue that in *Dahlstrom* and *Stephenson*, "the landlords had leased and transferred possession of the *entire premises* to the tenant," whereas here, "possession of the entire property was *not* transferred to the tenant." However, the Crossgroves do not analyze *Dahlstrom* or *Stephenson* to demonstrate that this distinction was relevant to the holdings of those cases or develop their argument beyond their bare assertion that Checketts's retention of some portion of the property renders the holdings of those cases "not applicable to the present case."

¶9     The Crossgroves have failed to adequately brief their argument that Checketts, not S&S, was in possession of the parking lot where Mrs. Crossgrove was injured. They have therefore not met their burden to demonstrate error in the district court's ruling that Checketts owed no duty to Mrs. Crossgrove.[2]

---

2. Because we conclude that the Crossgroves have failed to demonstrate error in the district court's determination that Checketts owed no duty to Mrs. Crossgrove, we need not address
(continued...)

¶10    The Crossgroves next argue that the icy condition that caused Mrs. Crossgrove's fall "was not a temporary, dangerous condition that arose after the landlord had transferred possession of the premises to the tenant," because Checketts "was aware of the risks to employees and visitors created by ice and snow." The Crossgroves base this argument on deposition testimony from Checketts's owner acknowledging that ice and snow would accumulate in the parking lot at times during the winter months. This court rejected a nearly identical argument in *Dahlstrom*, where the plaintiff argued that "melting snow and ice occurred every winter and had occurred before [the landlord] transferred possession." 2005 UT App 433, ¶ 13. We concluded in *Dahlstrom* that "seasonal problems with snow and ice" are not permanent dangerous conditions for purposes of allocating duties between landlords and tenants. *Id.* For the same reasons, we reject the Crossgroves' argument that seasonal accumulation of ice and snow renders the presence of ice on the parking lot here a permanent dangerous condition that arose before S&S took possession of the parking lot in January 2007.

¶11    Last, the Crossgroves argue that summary judgment was improper because "[t]he District Court erred when it found that there was no genuine issue of material fact as to [Checketts's] control over the parking lot and maintenance." Yet "the mere existence of genuine issues of fact . . . does not preclude the entry of summary judgment if those issues are immaterial to the resolution of the case." *Doyle v. Lehi City*, 2012 UT App 342, ¶ 19, 291 P.3d 853 (citation and internal quotation marks omitted).

¶12    The Crossgroves exhaustively detail the facts they believe demonstrate that Checketts "has continued to exercise and maintain control of [the property], and specifically the parking lot, even after entering into leases with its tenants." However, as

---

2. (...continued)
their challenge to the district court's alternative ruling that Checketts delegated to S&S its duty to maintain the parking lot.

discussed above, the district court based its ruling that Checketts owed no duty to Mrs. Crossgrove on its determination that S&S, rather than Checketts, was in possession of the parking lot. The Crossgroves do not explain how Checketts's purported *control* over the parking lot is material to the district court's determination that S&S was in *possession* of the parking lot. Neither do they cite any legal authority establishing that control is material to the question of possession. Indeed, the relevant authority speaks exclusively in terms of possession and makes no mention of control. *See Stephenson*, 581 P.2d at 568–69; *Dahlstrom*, 2005 UT App 433, ¶¶ 9–13. Accordingly, even if we were to agree with the Crossgroves that the cited facts established a dispute as to whether Checketts exercised control over the parking lot, the Crossgroves have not demonstrated that the issue was material to the district court's determination that S&S was in possession of the parking lot and that Checketts therefore owed no duty to Mrs. Crossgrove.

¶13    The Crossgroves have failed to demonstrate that the district court erred in concluding that S&S was in possession of the parking lot where Mrs. Crossgrove was injured and that Checketts owed no duty to Mrs. Crossgrove. We therefore affirm the district court's grant of summary judgment to Checketts.[3]

---

3. Mr. Crossgrove's loss-of-consortium claim is derivative of Mrs. Crossgrove's negligence claim and cannot be maintained if Mrs. Crossgrove has no cause of action for negligence. Utah Code Ann. § 30-2-11(5) (LexisNexis 2007). Because we affirm the district court's grant of summary judgment against Mrs. Crossgrove on her negligence claim, we necessarily affirm the district court's grant of summary judgment against Mr. Crossgrove on his derivative loss-of-consortium claim.