2011 UT App 318

**STATE of Utah, Plaintiff and Appellee,**

v.

**Martin Ray JACKSON, Defendant and Appellant.**

No. 20090719–CA.

Court of Appeals of Utah.

Sept. 15, 2011.

---

Elizabeth A. Lorenzo and Heather Chesnut, Salt Lake City, for Appellant.

Mark L. Shurtleff and Christine F. Soltis, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## OPINION

McHUGH, Associate Presiding Judge:

¶ 1 Martin Ray Jackson appeals his conviction for unlawful sexual conduct with a sixteen- or seventeen-year-old (Unlawful Sexual Conduct), *see* Utah Code Ann. § 76–5–401.2 (2008), arguing that the trial court erred when it denied his motion to arrest judgment because prosecution of the charge was barred by the expiration of the applicable statute of limitations. Jackson further contends that Unlawful Sexual Conduct is not a lesser included offense of rape and, therefore, the longer statute of limitations for rape could not be used to extend the limitations period. We affirm but on a different ground than that relied upon by the trial court.

## BACKGROUND

¶2 In June 2003, Jackson lived at his parents' house and was forty-three years old. The daughter of Jackson's former wife (Stepdaughter) also lived at the residence and was seventeen at the time. According to Stepdaughter, beginning when she was fifteen years old, she and Jackson used drugs together. One night in June 2003, after using methamphetamine in Stepdaughter's bedroom, Jackson and Stepdaughter stayed awake together while Stepdaughter played video games. Stepdaughter testified that she eventually fell asleep and had "really realistic dreams" that Jackson was having sex with her. She then awakened to find Jackson having sexual intercourse with her, "freaked out," and yelled at him to leave. Stepdaughter testified that Jackson apologized and left the room, claiming that he did not realize what was happening. Although Jackson did not testify at trial, he pleaded not guilty to the charges, and defense counsel challenged Stepdaughter's credibility at trial.

¶3 In February 2005, Stepdaughter's mother learned about the incident from another daughter and reported it to the police. When questioned by the police, however, Stepdaughter denied having sexual intercourse with Jackson and the authorities took no further action at that time. Then, in February 2008, almost five years after the June 2003 incident, Stepdaughter asked Jackson to watch her baby so that she could go out to dinner. Although the baby was sick, Stepdaughter told Jackson the illness was not serious and directed him not to take the baby to the emergency room. Notwithstanding Stepdaughter's instructions, Jackson became concerned and sought medical care for the baby later that night. When Stepdaughter learned what Jackson had done, she became upset and she and Jackson argued. Stepdaughter reported the June 2003 incident to the police a few days later.

¶4 Based on Stepdaughter's allegations, the State filed an information against Jackson on March 27, 2008, charging him with rape, a first degree felony in violation of Utah Code section 76–5–402. *See* Utah Code Ann. § 76–5–402 (2008). In December of that same year, the State amended the information to add the alternative charge of Unlawful Sexual Conduct, a third degree felony. Jackson waived his right to a preliminary hearing on the alternative charge and did not raise any challenge to the amended information.

¶5 The charges of rape and Unlawful Sexual Conduct were tried to a jury during three days in May 2009. At the conclusion of the State's case-in-chief, Jackson moved for a directed verdict on both charges, claiming that the State had failed to meet its burden of establishing that Jackson and Stepdaughter had engaged in sexual intercourse. The trial court denied the motion, and Jackson did not renew it at the close of all evidence. The defense maintained throughout trial that the allegations made by Stepdaughter were false. Therefore, Jackson did not argue for conviction on the lesser charge of Unlawful Sexual Conduct.

¶6 During its deliberations, the jury sent a note to the trial court, stating,

> As we understand, [Stepdaughter] is not able to give consent due to Instruction [thirty-eight, instructing on lack of consent]. The difference we see between Count I Rape and [U]nlawful [S]exual [C]onduct with a [sixteen- or seventeen-]year-old is consent. However, as stated, [Stepdaughter] by law cannot give consent. Our questions are: 1. What are the differences between these charges? Do we understand them correctly? 2. Is the lesser charge applicable? 3. Is it possible to find [Jackson] guilty of the lesser offense?

With the parties' consent, the trial court answered the jury's questions by indicating, "The differences between the Rape charge and [Unlawful Sexual Conduct] are consent and [the] age of [Stepdaughter] and ... Jackson," and then further instructed the jury that they should reach the Unlawful Sexual Conduct charge "only if you determine that the State of Utah failed to prove one or more elements of rape beyond a reasonable doubt as set forth in Instruction [thirty-five, instructing on the elements of rape]." At that time, defense counsel asked the trial court to instruct the jury on the crime of incest and to reopen the evidence if

necessary to establish that the relationship between Stepdaughter and Jackson was sufficient to prove that crime. The trial court denied that request, noting that the jury had already been instructed on Unlawful Sexual Conduct, a lesser included offense of the same level. The statute of limitations for incest is the same as that for Unlawful Sexual Conduct and had expired before the State filed its information and before Jackson requested the instruction on incest.

¶ 7 The jury acquitted Jackson of rape but convicted him of Unlawful Sexual Conduct. Prior to sentencing, defense counsel moved to arrest judgment, arguing that the prosecution of the Unlawful Sexual Conduct charge was barred by the expiration of the four-year statute of limitations. In response, the State argued that because Unlawful Sexual Conduct is a lesser included offense, it could be prosecuted within the eight-year statute of limitations for rape. The trial court agreed and denied the motion to arrest judgment. Jackson now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 8 Jackson argues that the trial court erred when it denied his motion to arrest judgment because Unlawful Sexual Conduct is not a lesser included offense of rape and, therefore, the State could not rely on the longer statute of limitations for rape to prosecute Jackson. Because Jackson challenges the trial court's legal conclusion that Unlawful Sexual Conduct is a lesser included offense of rape and does not challenge the trial court's findings of fact, we review the trial court's decision to deny the motion to arrest judgment for correctness. *See State v. Green*, 2005 UT 9, ¶ 15, 108 P.3d 710 ("Whether the trial court applied the proper statute of limitations is a matter of law that we review for correctness."); *State v. Chukes*, 2003 UT App 155, ¶ 9, 71 P.3d 624 ("Whether one crime is a lesser included offense of another is a question of law reviewed for correctness." (internal quotation marks omitted)).

¶ 9 The State argues that Jackson forfeited his statute of limitations defense when he did not raise it before or during trial, did not object to the jury considering the Unlawful Sexual Conduct charge, and moved to have the trial court instruct the jury on incest, an offense that is subject to the same statute of limitations as Unlawful Sexual Conduct. Whether and under what circumstances a defendant can lose the benefit of a statute of limitations defense is a question of law, which we review for correctness. *See James v. Galetka*, 965 P.2d 567, 570 (Utah Ct.App.1998) ("The standard of review for a conclusion of law is one of correctness, giving no particular deference to the trial court's decision."), *cert. denied, James v. Warden*, 982 P.2d 88 (Utah 1999).

## ANALYSIS

### I. Unlawful Sexual Conduct Is Not a Lesser Included Offense of Rape

¶ 10 "An offense is a lesser included offense when '[i]t is established by proof of the same or less than all the facts required to establish the commission of [another] offense.'" *Chukes*, 2003 UT App 155, ¶ 9, 71 P.3d 624 (quoting Utah Code Ann. § 76-1-402(3)(a) (2008)).[1] To determine whether one offense is a lesser included offense of another, Utah courts apply a two-part test. *See State v. Hill*, 674 P.2d 96, 97 (Utah 1983). "The principal test involves a comparison of the statutory elements of each crime." *Id.* "If the two crimes are such that the greater cannot be committed without necessarily having committed the lesser, then the lesser offense merges into the greater crime and the State cannot convict and punish the defendant for both offenses." *State v. Ross*, 951 P.2d 236, 241 (Utah Ct.App.1997) (internal quotation marks omitted). "Only if [the first analytical step] does not resolve the [issue] need we proceed to the second analytical step." *State v. Brooks*, 908 P.2d 856, 862 (Utah 1995). "In most cases, comparison of

---

1. Under Utah Code section 76-1-402(3), an offense may also be a lesser included offense if "(b) It constitutes an attempt, solicitation, conspiracy, or form of preparation to commit the offense charged or an offense otherwise included therein; or (c) It is specifically designated by a statute as a lesser included offense." Utah Code Ann. § 76-1-402(3)(b)–(c) (2008). The State has not claimed that either of these subsections is relevant here.

the statutory elements will suffice to determine whether a greater-lesser relationship exists." *Ross*, 951 P.2d at 241. "However, some criminal statutes describe the elements of a crime by a listing of variations in the elements. Under some of these variations, two crimes would be separate under one set of circumstances but lesser included offenses under another." *Brooks*, 908 P.2d at 861. "Where such variations exist and there is a theoretical possibility of a lesser included relationship," Utah courts "look at the evidence actually presented at trial to determine which of the statutory variations were proved and whether those variations created a lesser included relationship between the two charged crimes." *Id.*

¶ 11 Therefore, we begin our analysis by comparing the elements of each crime. *See id.* at 862. Rape is committed "when the actor has sexual intercourse with another person without the victim's consent." Utah Code Ann. § 76–5–402(1) (2008). In relevant part, Unlawful Sexual Conduct occurs when, "under circumstances not amounting to [rape], an actor who is ten or more years older than the minor at the time of the sexual conduct: (a) has sexual intercourse with the minor." *Id.* § 76–5–401.2(2). A minor is defined for purposes of this statute as someone "who is [sixteen] years of age or older, but younger than [eighteen] years of age." *Id.* § 76–5–401.2(1). Having identified the elements of these two offenses, we must compare them to determine whether proof of the elements of rape ever satisfies all of the elements of Unlawful Sexual Conduct. *See Brooks*, 908 P.2d at 862. We conclude that it does not. Although both crimes may involve sexual intercourse, to prove rape the prosecution must also establish the lack of consent. In contrast, the age of the victim obviates the need to prove lack of consent with respect to Unlawful Sexual Conduct. In addition, a

conviction for Unlawful Sexual Conduct always requires proof both that the actor is ten or more years older than the minor and that the minor is sixteen or seventeen years old at the time of the sexual conduct. "Because the unique element of each crime will always require proof beyond that needed for proof of the bare elements of the other crime," *id.*, the first step of the analysis is sufficient to demonstrate that Unlawful Sexual Conduct is not a lesser included offense of rape.

¶ 12 This conclusion is consistent with Utah precedent. In *State v. Rohletter*, 108 Utah 452, 160 P.2d 963 (1945), the defendant was found guilty of the crime of carnal knowledge.[2] *See id.* at 964. The unlawful carnal knowledge statute in *Rohletter* stated, "Any person who carnally and unlawfully knows any female over the age of thirteen years and under the age of eighteen years is guilty of a felony." Utah Code Ann. § 103–51–19 (1943). Thus, like Unlawful Sexual Conduct, the carnal knowledge statute required proof that the minor fell within a specified age range. In *Rohletter*, the State originally charged the defendant only with rape. *See* 160 P.2d at 964. After the State had completed most of its case, however, it obtained permission from the trial court to amend the information to include the crime of carnal knowledge. *See id.* The defendant was convicted of unlawful carnal knowledge and appealed, claiming that the trial court erred in allowing the late amendment to the information. *See id.* The supreme court agreed, noting that carnal knowledge was not a lesser included offense due to the requirement to prove the minor's age, which was not embraced in the elements of rape. *See id.* Thus, although the basis of the sexual conduct at issue was intercourse, the supreme court concluded that proof of all of the elements of rape did not also prove carnal knowledge.[3] *See id.*

2. "The terms 'sexual intercourse' and 'carnal knowledge' are analogous." *State v. Warner*, 79 Utah 500, 291 P. 307, 309 (1930), *rev'd on other grounds*, 79 Utah 510, 13 P.2d 317 (1932).

3. Other jurisdictions have reached similar conclusions interpreting statutes like Utah's Unlawful Sexual Conduct statute. *See People v. Gutierrez*, 137 Cal.App.3d 542, 187 Cal.Rptr. 130, 133 (1982) (holding that California's crime of unlaw-

ful sexual intercourse was not a lesser included offense of that state's crime of forcible rape because "[t]o constitute unlawful sexual intercourse, the victim must be under the age of [eighteen], an element not necessarily included in the crime of forcible rape"); *Ray v. State*, 403 So.2d 956, 959 (Fla.1981) (holding that committing a lewd and lascivious act on a minor under age fourteen is not a lesser included offense of sexual battery of a person over the age of eleven

¶ 13 As in *Rohletter*, the crime of Unlawful Sexual Conduct is not a lesser included offense of rape. Because Unlawful Sexual Conduct "can only be committed upon a [minor] between the ages of [sixteen] and [seventeen] years, it is not necessarily included within the legal definition of rape." *See id.* *See generally* Utah Code Ann. § 76–5–401.2(1) (providing that the minor must be "[sixteen] years or older, but younger than [eighteen] years of age"). In addition, Unlawful Sexual Conduct requires proof that the defendant is more than ten years older than the minor. *See id.* § 76–5–401.2(2). Therefore, Unlawful Sexual Conduct is not a lesser included offense of rape, and the State could not rely on the longer statute of limitations for rape to prosecute Jackson for Unlawful Sexual Conduct.

¶ 14 Nevertheless, the State argues that this court's decision in *State v. Martinez*, 2000 UT App 320, 14 P.3d 114, requires a different result. There, the nineteen-year-old defendant had sexual intercourse with a fifteen-year-old and was charged with one count of rape and, in the alternative, one count of unlawful sexual activity with a minor. *See id.* ¶ 2. The defendant claimed to have been mistaken about the minor's age. *See id.* On appeal, this court held that the legislature's express preclusion of the defense of mistake of fact regarding the complainant's age did not violate the defendant's due process rights. *See id.* ¶¶ 23–24. Although not relevant to the issues on appeal in that case, the *Martinez* court opined in a footnote that "[u]nder the facts of the present case, unlawful sexual activity with a minor is a lesser included offense to rape, the sole distinction being whether the victim consented." *Id.* ¶ 2 n. 1. We agree with Jackson that this statement in *Martinez* is nonbinding dicta because it is "not critical to the holding," *see State v. Daniels*, 2002 UT 2, ¶ 35, 40 P.3d 611; *see also Jones v. Barlow*, 2007 UT 20, ¶ 28, 154 P.3d 808 (explaining that dicta is not binding on the court). Unlawful Sexual Conduct requires the State to prove that the minor is sixteen or seventeen years old and that the defendant is at least ten years older than the minor. Therefore, the establishment of all of the elements of rape will not also prove Unlawful Sexual Conduct, and it is not a lesser included offense of rape. *See State v. Chukes*, 2003 UT App 155, ¶ 9, 71 P.3d 624 (explaining that an offense is a lesser included offense when proof of the same or less than all of the facts needed to establish the greater offense also proves the lesser offense).[4] Consequently, we disavow the dicta contained in footnote one of *Martinez*.

¶ 15 In sum, proof of some or all of the elements of rape is not sufficient to establish that a defendant has committed the crime of Unlawful Sexual Conduct. Thus, the crimes do not have a greater-lesser relationship and the time for prosecuting Jackson for Unlawful Sexual Conduct cannot be extended by the longer statute of limitations applicable to the prosecution of rape. Consequently, the trial court erred in denying Jackson's motion to vacate the sentence on this ground. Nevertheless, we may affirm the decision of the trial court on any alternative ground apparent from the record. *See Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158 (reaffirming

---

because the information charging the defendant with the greater crime did not include all of the elements of the lesser crime); *State v. Stokes*, 24 S.W.3d 303, 305 (Tenn.2000) (holding that Tennessee's crime of statutory rape was not a lesser included offense of its crime of rape because "[s]tatutory rape ... contains an age element that is not included within the statutory elements of rape").

4. We also reject the State's argument that we must proceed to the second step of the lesser included offense analysis. *See generally State v. Hill*, 674 P.2d 96, 97 (Utah 1983) (explaining that where one variation of the greater offense would not require proof of all of the elements of a lesser offense, it is proper to consider whether

the crimes have a greater-lesser relationship under the facts at issue). Here, there is no need to look beyond the elements of the two statutes. Although unlawful sexual conduct with a sixteen- or seventeen-year-old contains multiple variations of the sexual conduct that constitutes the prohibited sexual activity, *see* Utah Code Ann. § 76–5–401.2(2)(a)–(d) (2008), under any variation the minor must be "[sixteen] years of age or older, but younger than [eighteen] years of age, at the time [of] the sexual conduct," *id.* § 76–5–401.2(1), and the defendant must be "ten or more years older," *id.* § 76–5–401.2(2). Thus, there are no instances in which the elements of rape will necessarily embrace the elements of Unlawful Sexual Conduct.

that an appellate court may affirm the decision of the trial court on any ground apparent from the record). We now undertake the analysis of whether an alternative theory apparent from the record supports the trial court's decision.

## II. The Trial Court's Decision Is Correct on the Alternative Ground of Forfeiture

¶ 16 The State argues that, even if the four-year statute of limitations for prosecuting Unlawful Sexual Conduct had run when the State charged Jackson with that crime, Jackson forfeited this defense by not raising it before or during trial. In response, Jackson contends that a challenge to the State's ability to prosecute a crime based on the expiration of the statute of limitations can be lost only by a knowing and voluntary waiver, which is not present here. Before we begin our analysis of whether a criminal statute of limitations in Utah can be forfeited, we take the opportunity to give context to the issue.

### A. Some Courts View a Criminal Statute of Limitations as a Jurisdictional Bar to Prosecution.

¶ 17 The debate concerning the appropriate treatment of criminal statutes of limitations arises from the view, now held by only a small minority of jurisdictions, that these limitations periods are a jurisdictional prerequisite to the power of the court to act. *See, e.g., Hall v. State,* 497 So.2d 1145, 1148–49 (Ala.Crim.App.1986); *Tucker v. State,* 417 So.2d 1006, 1011–13 (Fla.Dist.Ct.App.1982); *State v. Muentner,* 138 Wis.2d 374, 406 N.W.2d 415, 419 (1987).[5] Because these courts conclude that a statute of limitations in a criminal matter is jurisdictional, waiver

of the statute may only occur if it is "express and certain, not implied or equivocal." *See Hall,* 497 So.2d at 1148; *see also Tucker,* 417 So.2d at 1013; *Muentner,* 406 N.W.2d at 419. Accordingly, in these states, simply pleading guilty is insufficient to waive the jurisdictional bar to prosecution. *See Hines v. State,* 516 So.2d 937, 938 (Ala.Crim.App.1987) ("The statute of limitations is a jurisdictional matter. A constitutionally valid guilty plea only waives nonjurisdictional defects." (citations omitted)). Likewise, some of these jurisdictions hold that the defendant's request for an instruction on a time-barred lesser included offense is not sufficient to sustain a conviction of that crime. *See Muentner,* 406 N.W.2d at 419 (holding that the defendant's request for an instruction on a time-barred lesser included offense did not waive the statute of limitations).[6] Consistent with the view that a criminal statute of limitations is jurisdictional, these states also hold that a defense based on the expiration of a criminal limitations period can be raised at any time. *See Cox v. State,* 2006 OK CR 51, ¶ 9, 152 P.3d 244, 248–49 (holding that expiration of a criminal statute of limitations is a jurisdictional defect that can be raised for the first time on appeal). Notably, some states that initially treated a criminal statute of limitations as jurisdictional have retreated from that position in favor of the view that "it must be raised before final disposition of the case whether by conviction or plea, or it is waived." *See Longhibler v. State,* 832 S.W.2d 908, 910–11 (Mo.1992) (en banc) (holding that a defendant who pleaded guilty could not raise a statute of limitations defense in a post-conviction proceeding); *see also Proctor v. State,* 967 S.W.2d 840, 844 (Tex.Crim.App.1998) (en banc) (retreating from jurisdictional precedent and holding

---

**5.** Although the Utah Supreme Court's decision in *State v. Crank,* 105 Utah 332, 142 P.2d 178 (1943), contains dicta that could support a jurisdictional view of a criminal statute of limitations, the court actually held that the trial court erred by instructing on a time-barred lesser included offense on which the defendant could no longer be prosecuted. *See id.* at 193–94. In *James v. Galetka,* 965 P.2d 567 (Utah Ct.App.1998), a panel of this court concluded that *Crank* had not decided whether criminal statutes of limitations are jurisdictional and that the issue was one of first impression pending before the *James* court.

*See id.* at 571 & n. 3 ("Several Utah cases have suggested that the statute of limitations in criminal cases may be jurisdictional, but no case has directly ruled on [this] issue....").

**6.** In *State v. Muentner,* 138 Wis.2d 374, 406 N.W.2d 415 (1987), the defendant was questioned about whether he would waive his statute of limitations defense as a condition of the jury being instructed on a lesser included offense, and he expressly declined to do so. *See id.* at 419.

that "[t]he defense [the criminal statute of limitations] creates is forfeited if not asserted at or before the guilt/innocence stage of trial").

¶ 18 In urging that Utah should adopt a rule that requires a knowing and voluntary waiver of a criminal statute of limitations defense, Jackson relies on two decisions from jurisdictions that characterize such limitations as jurisdictional. *See Hall*, 497 So.2d at 1148–49; *Muentner*, 406 N.W.2d at 419. Due to this court's decision in *James v. Galetka*, 965 P.2d 567 (Utah Ct.App.1998), however, we consider these decisions of limited utility.

B. In Utah, a Defense Based on the Expiration of a Criminal Statute of Limitations Is Not Jurisdictional and Can Be Waived.

¶ 19 In *James*, the defendant's conviction of first degree murder was reversed and remanded for a new trial. *See id.* at 569. Before the second trial, the defendant entered a guilty plea to two second degree felonies in exchange for the State's dismissal of the murder charge. *See id.* The plea agreement anticipated that the defendant would enter guilty pleas to manslaughter and perjury. *See id.* Shortly before the defendant executed the plea agreement, however, the parties substituted an evidence tampering charge for perjury because defense counsel discovered that the perjury charge was barred by the applicable statute of limitations. *See id.* After sentencing, the defendant sought extraordinary relief on the ground that the evidence tampering charge was also barred. *See id.* The trial court denied the defendant's petition, concluding that he had entered a knowing and voluntary guilty plea, thereby waiving any defenses he may have had to the crimes, including a defense based on the statute of limitations. *See id.*

¶ 20 On appeal to this court, the defendant argued that he could not have knowingly waived the statute of limitations defense when he entered his guilty plea because his counsel did not inform him that the limitations period had run on the evidence tampering charge. *See id.* at 570. The *James*

panel disagreed, concluding that "criminal statutes of limitations are not jurisdictional, but are a bar to prosecution which can be waived by a knowing and voluntary guilty plea." *Id.* at 573. In reaching that conclusion, the court reasoned that

[s]tatutes of limitations are invoked to protect the rights of the defendant. Accordingly, if a criminal defendant decides that the advantages of pleading to a statutorily barred lesser crime outweigh the protections the statute affords, that defendant can voluntarily and knowingly waive the right to assert a statute of limitations defense.

*Id.* Next, the court concluded that where the entry of the defendant's guilty plea was knowing and voluntary and complied with the requirements of rule 11 of the Utah Rules of Criminal Procedure, the "defendant waived all nonjurisdictional defects, including the statute of limitations bar." *See id.* at 573–74. Despite the fact that the defendant was unaware that the statute of limitations period for evidence tampering had expired, the *James* court held that the defense had been waived. *See id.*

¶ 21 The State points to the *James* court's conclusion that the statute of limitations defense was lost, even though the defendant was unaware it had run, as support for the position that Jackson has forfeited the defense based on the statute of limitations here. The State also contends that because the decision relies on the "well-reasoned analysis provided in *Conerly v. State*, 607 So.2d 1153 (Miss.1992)," *see James*, 965 P.2d at 572, and *Conerly* concluded that a criminal statute of limitations is an affirmative defense, *see Conerly*, 607 So.2d at 1158, *James* must stand for the proposition that, like other such defenses, a criminal statute of limitations defense is forfeited if not raised at trial. In response, Jackson claims that *James* holds that a limitations defense to a criminal prosecution can be lost only through a knowing and voluntary waiver, like that required to enter a valid guilty plea.

¶ 22 We conclude that the holding of *James* is narrow, determining only that a statute of limitations defense is not jurisdictional and that it can be waived by the entry

of a knowing and voluntary guilty plea. *See James,* 965 P.2d at 573. Consequently, the issue we must decide, whether such a defense can also be forfeited, is an issue of first impression in Utah. We hold that such a defense can be forfeited by the failure to raise it in a timely fashion in the trial court. To explain our rejection of the contrary view advocated by Jackson, it is again helpful to distinguish between states that treat a criminal statute of limitations as a jurisdictional requirement and those, like Utah, that do not.

### C. Jackson's Request for an Instruction on Incest Did Not Waive the Limitations Period for Unlawful Sexual Conduct.

¶ 23 In support of his position that a limitations defense can be lost only through a knowing and voluntary waiver, Jackson relies on *Tucker v. State,* 417 So.2d 1006 (Fla.Dist. Ct.App.1982). That decision, however, does not address whether the defendant must raise a statute of limitations defense to a charge brought by the prosecution before the jury returns a verdict. Rather, the issue in *Tucker* was whether a defendant could insist that the trial court instruct on a time-barred lesser offense in the absence of an express waiver of the limitations defense. *See id.* at 1012. The *Tucker* court ruled that the trial court did not err in refusing to give the lesser offense instruction because there had been no "waiver in writing made part of the record or at least an express oral waiver of the statute [of limitations] preventing prosecution and conviction made in open court on the record by the defendant personally or by his counsel in his presence." *See id.* at 1013. Although Jackson relies on this language to support his claim that a statute of limitations defense cannot be forfeited, the *Tucker* court's position has been softened by subsequent authority from another appellate district of Florida. In *Weber v. State,* 602 So.2d 1316 (Fla.Dist.Ct.App.1992), the court held that the defendant's request for an instruction on a time-barred lesser included offense served as a waiver of the limitations defense. *See id.* at 1318–19.

¶ 24 Indeed, the view that a defendant's request for an instruction on a time-barred offense precludes the defendant from later challenging his conviction of that offense based on the expiration of the statute of limitations is consistent with the view of the overwhelming majority of courts that have considered the issue. *See, e.g., People v. Stanfill,* 76 Cal.App.4th 1137, 90 Cal.Rptr.2d 885, 895 (1999) ("[A] defendant forfeits the right to complain on appeal of conviction of a time-barred lesser included offense where the charged offense was not time-barred and the defendant either requested or acquiesced in the giving of instructions on the lesser offense."); *State v. Timoteo,* 87 Hawai'i 108, 952 P.2d 865, 871–73 (1997) (holding that the defendant waived the statute of limitations by requesting a jury instruction on a time-barred lesser included offense); *Commonwealth v. Oliver,* 253 S.W.3d 520, 525 (Ky. 2008) ("The request for an instruction [is] generally sufficient to establish waiver."). This is also the prevailing rule in the federal courts. *See, e.g., United States v. Williams,* 684 F.2d 296, 299–300 (4th Cir.1982) (holding that the expiration of the criminal statute of limitations at issue was an affirmative defense that was waived by the defendant's request that the jury be instructed on the time-barred offense).

¶ 25 Based on this authority, the State contends that we need not consider whether a criminal statute of limitations can be forfeited because Jackson's request for an instruction on incest, a crime with the same limitations period, constituted a knowing and voluntary waiver of the limitations defense for Unlawful Sexual Conduct. However, we are not convinced that, if waiver were required, the request for an instruction not given and for which the defendant was not convicted would satisfy that requirement. Nor has the State pointed us to any decisions that hold otherwise. Therefore, we now consider whether a criminal statute of limitations can be forfeited in Utah.

### D. A Defense Based on the Expiration of a Criminal Statute of Limitations Can Be Forfeited.

¶ 26 Here, the issue before us is not whether Jackson could insist that the trial court instruct the jury on Unlawful Sexual

Conduct, despite the fact that the statute of limitations for prosecution of that crime had run or whether, after requesting such an instruction, Jackson could challenge his conviction based on the expiration of the limitations period. Rather, it is whether the limitations defense to a time-barred charge brought by the State was forfeited where Jackson failed to raise it before or during trial.[7] "Whether a defendant may waive the statute of limitations for purposes of jury instruction and possible conviction of a lesser-included offense is an issue separate from that of the legality of prosecution of an offense barred by the statute." *Tucker*, 417 So.2d at 1013.

¶ 27 As the *James* court noted, "[t]he majority of federal circuit courts of appeal have held that, in criminal cases, statutes of limitation do not affect the subject matter jurisdiction of the courts but constitute an affirmative defense that will be considered waived if not raised *in the trial court.*" *James v. Galetka*, 965 P.2d 567, 572 (Utah Ct.App. 1998) (emphasis added); *accord United States v. Soriano–Hernandez*, 310 F.3d 1099, 1103–04 (8th Cir.2002). While many decisions use the term "waiver," it is apparent that most federal courts hold that a statute of limitations defense is forfeited if not raised before or during trial, irrespective of whether defense counsel or the defendant was aware of the defense. *See, e.g., United States v. Ross*, 77 F.3d 1525, 1536–37 (7th Cir.1996) ("[I]t is widely accepted that the statute of limitations defense is forfeited if not raised at the trial itself"); *United States v. Gallup*, 812 F.2d 1271, 1280 (10th Cir.1987) ("It is well settled that the statute of limitations is an affirmative defense which is waived unless raised at trial."). *But see United States v. Crossley*, 224 F.3d 847, 858 (6th Cir.2000) ("We must follow the law of the *Benes* [*v. United States*, 276 F.2d 99, 108–09 (6th Cir.1960),] decision and hold that,

absent an explicit waiver, the statute of limitations presents a bar to prosecution that may be raised for the first time on appeal.").[8] This position has also been adopted by a number of states that have considered the issue. *See, e.g., State v. Coleman*, 48 Conn. App. 260, 709 A.2d 590, 594 (1998) ("The defendant did not raise the defense of statute of limitations at trial. He has, therefore, waived this defense...."); *People v. Everard*, 225 Mich.App. 455, 571 N.W.2d 536, 540 (1997) (holding "[a] statute of limitations defense is a waivable affirmative defense" and that the defendant had waived it by not raising it in the trial court). These decisions reason that "[w]aiting until after the jury has rendered a verdict of guilt to raise a limitations defense for the first time is inconsistent with the characterization of the statute of limitations as an affirmative defense and would unfairly sandbag the government." *See United States v. Thurston*, 358 F.3d 51, 63 (1st Cir.2004), *vacated on other grounds*, 543 U.S. 1097, 125 S.Ct. 984, 160 L.Ed.2d 988 (2005).

¶ 28 The State argues that we should adopt a forfeiture rule here to prevent Jackson from "sandbagging" the prosecution by failing to raise the defense until after the jury had acquitted him on the greater offense of rape and convicted him on the time-barred lesser offense of Unlawful Sexual Conduct. However, Jackson correctly notes that this is not a case where the defense asked for an instruction on a time-barred offense in the hopes that it could later raise the defense. Rather, the State amended the information to add the alternative charge of Unlawful Sexual Conduct months after filing the initial information. Under these circumstances, Jackson urges us to adopt the approach of the California Supreme Court announced in *People v. Williams*, 21 Cal.4th 335, 87 Cal.

---

7. Because in Utah a time-barred lesser included offense may be brought within the limitations period of an alternative and timely greater offense, the forfeiture issue can arise only when the time-barred offense is not a lesser included offense. *See* Utah Code Ann. § 76–1–305 (2008).

8. The position of the Sixth Circuit "on the nature and waivability of a statute of limitations defense

is rather ambiguous and, in some cases, flat-out contradictory." *United States v. Bucheit*, 134 Fed.Appx. 842, 846–48 (6th Cir.2005) (discussing inconsistent decisions from the Sixth Circuit and holding that "despite contrary holdings in every other circuit save one, Defendant is entitled to raise his statute of limitations argument at any time" (footnote omitted)).

Rptr.2d 412, 981 P.2d 42 (1999).[9]

¶ 29 In *Williams,* the defendant was charged with perjury, pleaded not guilty, waived a jury trial, and was found guilty as charged by the trial court. *See id.* at 43. For the first time on appeal, the defendant argued that the statute of limitations for perjury had expired before he was charged. *See id.* The *Williams* majority rejected the notion that a defendant can forfeit a statute of limitations defense inadvertently, instead holding that "when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time." *Id.* at 43–45. In response to concerns about a defendant's ability to "game the system," the *Williams* court noted that because its holding is limited to cases where the charging document, over which the prosecutor has full control, indicates "on its face" that the offense is time-barred, the defendant would not be in a position to manipulate the proceedings. *See id.* at 47–48. As an additional rational for its position, the *Williams* court explained that "[w]hen defendants are represented by counsel, as most are, a forfeiture rule in this situation would be an exercise in futility. Were we to adopt that rule here, for example, this defendant undoubted-

ly would simply claim counsel was ineffective for not raising the statute of limitations at trial." *Id.* at 45;[10] *see also State v. Kerby,* 2007–NMSC–014, 141 N.M. 413, ¶¶ 17–20, 156 P.3d 704, 706 (following *Williams* and holding that where the state charged and convicted the defendant of a crime barred by the statute of limitations, the defense had not been forfeited by the failure to raise the defense at trial because "the statute of limitations is a substantive right that may only be waived by a defendant after consultation with counsel, and only if the waiver is knowing, intelligent, and voluntary").

¶ 30 We reject Jackson's invitation to adopt the approach of the California Supreme Court for several reasons.[11] First, we do not agree with the California Supreme Court that forfeiture is unfair or unworkable. *See Williams,* 87 Cal.Rptr.2d 412, 981 P.2d at 45. The forfeiture rule simply treats the statute of limitations defense like most other defenses and arguments not raised before or at trial. "[A] thorough colloquy is explicitly required only for effective waiver of rights guaranteed by the constitution." *State v. Woodland,* 945 P.2d 665, 670 (Utah 1997). A criminal statute of limitations is a defense created by the legislature and logically is

9. We note that California subscribed to the view that a criminal statute of limitations is jurisdictional "for over 60 years," only adjusting that position to allow the defendant to waive the limitations period when "the waiver is for his benefit." *See People v. Williams,* 21 Cal.4th 335, 87 Cal.Rptr.2d 412, 981 P.2d 42, 42–43, 45 (1999) (discussing prior decisions and stating that "[p]rinciples of stare decisis alone caution against swinging from one extreme[—a criminal statute of limitations is jurisdictional—]to another[—it can be inadvertently forfeited]").

10. In a dissenting opinion, Justice Brown correctly observed that in order to prove ineffective assistance of counsel, the defendant must do more than utter "statute of limitations," but instead has to "demonstrate the attorney's performance fell below an objective standard of reasonableness, and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Williams,* 87 Cal.Rptr.2d 412, 981 P.2d at 50. Thus, because defendants often have a "strategic reason[ ] for not raising the statute of limitations, there is no reason to believe ineffective assistance of counsel claims would" always be successful. *See id.*

11. Indeed, we have previously suggested that such a defense can be forfeited. In *State v. McCloud,* 2005 UT App 466, 126 P.3d 775, the defendant was charged and convicted of aggravated sexual abuse of a child. *See id.* ¶ 1. Defense counsel assumed that a statutory amendment applied, altering the date commencing the limitations period from the time of the sexual act to the time that the abuse was first reported. *See id.* ¶ 11. After trial, the Utah Supreme Court clarified that the amendment could not be applied retroactively. *See id.* (citing *State v. Lusk,* 2001 UT 102, ¶¶ 25–31, 37 P.3d 1103). Relying on that decision, the defendant asserted for the first time on appeal that the charge was barred. *See id.* ¶¶ 5, 11. In determining that the trial court had not committed plain error, the *McCloud* court relied on *James* for the proposition that "[t]he statute of limitations is a defense that may be waived" and, therefore, concluded that there was no error that should have been obvious to the trial court. *See id.* ¶ 12 (citing *James,* 965 P.2d at 572–73). Because this court also acknowledged that defense counsel did not know during trial that the statute had run, *see id.* ¶ 13, the decision at least implies that a statute of limitations defense can be forfeited.

forfeited if not affirmatively raised before or during trial. *See, e.g., State v. Coughlin,* 61 Conn.App. 90, 762 A.2d 1, 5 (2000); *Brown v. State,* 841 A.2d 1116, 1121 (R.I.2004); *Locklear v. Commonwealth,* 46 Va.App. 488, 618 S.E.2d 361, 366 (2005). *But see Wallace v. State,* 753 N.E.2d 568, 570 (Ind.2001) (reversing the defendant's convictions because the applicable statute of limitations had run). If a criminal statute of limitations is an affirmative defense, "the burden [is] on the defendant to affirmatively act to *raise the defense in the first place,* as opposed to affirmatively act to *waive* the defense." *State v. Cotton,* 295 S.W.3d 487, 490–91 (Mo.Ct.App.2009).

¶ 31 Second, there is nothing about a criminal statute of limitations that convinces us that the legislature intended that it could be waived only by a knowing and voluntary waiver. While a criminal statute of limitations can serve as a protection against the burden of defending against a crime that allegedly occurred so long in the past that memories have faded and evidence is difficult to obtain, statutory limitations on criminal prosecutions do not always benefit the defendant. Indeed, the limitations period may actually work against the defendant by encouraging the prosecution to charge, and forcing the accused to defend against, a greater crime. Here, the same witnesses and evidence were needed to defend against the rape charge as against the Unlawful Sexual Conduct charge, yet the penalty for rape is greater. Nevertheless, the Utah Legislature has determined that a longer time should be available to prosecute rape. Obviously, the various factors that the legislature considers in determining an appropriate limitations period are not singly focused on protection of the defendant and instead include the public interest in prosecuting serious criminal acts. "Thus, the underlying purpose of statutes of limitations is to best determine the facts of a particular case, and not to erect an insurmountable wall to prosecution." *James,* 965 P.2d at 572. Indeed, the Utah Legislature has recognized some flexibility in those statutory limits by allowing the time in which a lesser included offense may be prosecuted to be expanded to the limitations period available for the greater offense. *See* Utah Code Ann. § 76–1–305 (2008). Conse-

quently, we can discern no indication that the legislature intended that a criminal statute of limitations defense be treated differently than other important rights and defenses that can be lost if not timely raised, even in the absence of a knowing waiver. *See, e.g., State v. Rosa–Re,* 2008 UT 53, ¶¶ 13–14, 190 P.3d 1259 (challenge to the State's use of peremptory challenges); *State v. Rhinehart,* 2007 UT 61, ¶ 21, 167 P.3d 1046 (constitutional challenge to sentence of life without parole); *State v. King,* 2010 UT App 396, ¶¶ 49, 51 & n. 13, 248 P.3d 984 (right of confrontation); *State v. Johnson,* 2008 UT App 5, ¶ 22, 178 P.3d 915 (attorney-client privilege); *see also* Utah R.Crim. P. 12(f) ("Failure of the defendant to timely raise defenses or objections or to make requests which must be made prior to trial ... shall constitute waiver thereof.").

 ¶ 32 Third, we are not convinced that Jackson will undoubtedly succeed on an ineffective assistance of counsel claim, thereby making the forfeiture rule "an exercise in futility." *See Williams,* 87 Cal.Rptr.2d 412, 981 P.2d at 45. Typically, the defendant bears a heavy burden to establish counsel's ineffectiveness, *see State v. Lenkart,* 2011 UT 27, ¶ 25. To prove that trial counsel's performance fell below that required by the Sixth Amendment, the defendant must establish both " 'that counsel's performance was deficient' " and " 'that the deficient performance prejudiced the [outcome of his case].' " *Id.* (alteration in original) (quoting *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Further, the defendant must overcome the presumption that counsel's actions are part of a sound trial strategy or tactical decision to establish deficient performance as required by the first prong of the ineffectiveness test. *See State v. C.D.L.,* 2011 UT App 55, ¶ 13, 250 P.3d 69, *cert. denied,* 255 P.3d 684 (Utah 2011). Where the defendant has been charged and convicted of only time-barred claims, satisfaction of the two-prong ineffectiveness test is almost automatic because prejudice is obvious and a sound strategic reason not to raise the defense is difficult to imagine. However, where some charges are time-barred and some are not, as in this case,

it is appropriate to consider whether the defendant obtained a tactical advantage by failing to raise the limitations defense at trial.[12] If the evidence is strong and the risk of conviction on a greater offense with higher penalties is likely, the defendant might consciously refrain from asserting a statute of limitations defense to a charge with lesser penalties.[13] If the jury has no other option, conviction of the greater charge may be almost certain. By allowing the lesser charge to go to the jury despite the fact that the statute of limitations has expired, the defendant may receive the benefit of a conviction on a lesser crime. Thus, there may well be a strategic reason for a defendant to refrain from asserting a statute of limitations defense to a lesser charge included by the State in the information.

¶ 33 Fourth, treating the failure to raise the statute of limitations defense before or at trial as a forfeiture employs our already-existing jurisprudence under the theories of plain error, exceptional circumstances, and ineffective assistance of counsel. *See State v. Weaver*, 2005 UT 49, ¶ 18, 122 P.3d 566; *State v. McCloud*, 2005 UT App 466, ¶ 5, 126 P.3d 775. These existing procedures provide a fair and appropriate framework for considering when a defendant should be relieved of the failure to raise a criminal statute of limitations. *See, e.g., Adams v. State*, 2005 UT 62, ¶¶ 13, 17, 123 P.3d 400 (recognizing the defendant's right to pursue post-conviction relief for ineffective assistance of counsel based on the failure of trial counsel to assert the affirmative defense of voluntary intoxication). In addition, these traditional methods of addressing the failure to preserve a defense in the trial court provide a more flexible approach than that advocated by the defense and adopted by the *Williams* court.[14] Thus, under the forfeiture rule, the defendant can be relieved from the failure to raise the defense when appropriate, while also being prevented from capitalizing on the State's mistake to achieve a complete acquittal unintended by the jury.

¶ 34 For all of these reasons, we conclude that Jackson forfeited his statute of limitations defense by not raising it before the jury convicted him of Unlawful Sexual Conduct.

## CONCLUSION

¶ 35 Unlawful Sexual Conduct is not a lesser included offense of rape because the State must establish the age of the victim and the age of the defendant to prove Unlawful Sexual Conduct, elements that are not required to obtain a conviction of rape. Therefore, the longer statute of limitations for rape was not applicable to Jackson's prosecution for Unlawful Sexual Conduct. A criminal statute of limitations is an affirmative defense that can be forfeited if not raised before or during trial. Jackson has forfeited his right to challenge his conviction of Un-

---

12. Even the California Supreme Court has recognized a distinction between situations in which the only crime charged is barred and those in which the defendant was simultaneously tried on a timely offense, holding that "because the court had the power to proceed over the murder charge, it should also have the power to proceed over a lesser included (or even related) offense." *See Cowan v. Superior Court*, 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 926 P.2d 438, 441 (1996) (deciding the separate issue of whether the defendant can *waive* a criminal statute of limitations and request an instruction on a lesser included offense). The California Supreme Court determined that the analysis of its prior decisions describing criminal statutes of limitations as "jurisdictional" needed "a slight adjustment to accommodate" the situations "in which it might be to a defendant's advantage to waive the statute of limitations." *Id.* at 441–43.

13. Thus, we also disagree with the California Supreme Court's assumption that a defendant cannot manipulate the proceedings when the prosecution controls the charging document.

14. For example, the tools available to the defendant in pursuing an appeal based on the ineffectiveness of counsel include the possibility of a remand for further proceedings in the trial court. *See* Utah R.App. P. 23B ("A party to an appeal in a criminal case may move the court to remand the case to the trial court for entry of findings of fact, necessary for the appellate court's determination of a claim of ineffective assistance of counsel."). We can only speculate here as to why defense counsel did not raise the statute of limitations defense at trial. While the State argues that defense counsel did not assert the statute of limitations defense for tactical advantage, Jackson asserts that he was unaware that the defense was available. In appropriate circumstances, a remand for further proceedings in the trial court could be useful in clarifying such issues.

lawful Sexual Conduct on the basis of the statute of limitations by not raising that defense before the jury returned its verdict. Because he has not asserted plain error, exceptional circumstances, or ineffective assistance of counsel, we do not consider his statute of limitations claim for the first time on appeal.

¶ 36 Affirmed.

¶ 37 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and MICHELE M. CHRISTIANSEN, Judge.