2015 UT App 217

# THE UTAH COURT OF APPEALS

MARTIN RAY JACKSON,
Petitioner and Appellant,

*v.*

STATE OF UTAH,
Respondent and Appellee.

Opinion
No. 20130957-CA
Filed August 27, 2015

Third District Court, West Jordan Department
The Honorable Terry L. Christiansen
No. 120411054

Robb Jones, Attorney for Appellant

Sean D. Reyes and Andrew F. Peterson, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which
JUDGES JAMES Z. DAVIS and JOHN A. PEARCE concurred.

TOOMEY, Judge:

¶1 Martin Ray Jackson appeals from the dismissal of his petition seeking post-conviction relief from his conviction for unlawful sexual conduct, a third-degree felony. His petition contended he was deprived of his constitutional right to effective assistance of counsel because his trial counsel failed to raise a statute-of-limitations defense. But Jackson has not shown on appeal that his counsel's performance fell below an objective standard of reasonableness, and we therefore affirm the district court's decision to grant the State's motion for summary judgment and to dismiss Jackson's petition.

BACKGROUND

¶2    In March 2008, the State charged Jackson with rape, a first-degree felony, based on allegations that in June 2003, when he was forty-three years old, he had sexual intercourse with his seventeen-year-old stepdaughter (Stepdaughter).[1] In December 2008, the State amended the information to add an alternative, and lesser, charge of unlawful sexual conduct with a sixteen- or seventeen-year-old, a third-degree felony. Although the statute of limitations for unlawful sexual conduct expired before the State added the alternative charge, Jackson did not raise any challenges to it and waived his right to a preliminary hearing on it.[2]

¶3    At trial, the jury was instructed on the rape charge and on the alternative charge of unlawful sexual conduct. Jackson did not testify. Jackson argued throughout trial Stepdaughter was not credible, and maintained the allegations against him were false. Consistent with this, Jackson did not argue in the alternative for conviction on the lesser charge of unlawful sexual conduct.

¶4    The jury ultimately acquitted Jackson of rape but convicted him of unlawful sexual conduct. After trial, Jackson filed a motion to arrest judgment, arguing that the statute of limitations barred the unlawful-sexual-conduct charge. The

---

1. The State notes that using the word "Stepdaughter" does not accurately describe Jackson's legal relationship to the victim. The precise nature of this relationship is not material to our analysis, and this court's opinion on his direct appeal referred to the victim as "Stepdaughter." Thus, this opinion will continue to employ that term for simplicity.

2. Jackson did have a preliminary hearing on the rape charge.

court denied the motion, reasoning that unlawful sexual conduct was a lesser included offense of rape and because the statute of limitations for rape had not yet expired, Jackson's prosecution for unlawful sexual conduct was not barred. *See* Utah Code Ann. § 76-1-305 (LexisNexis 2012) ("Whenever a defendant is charged with an offense for which the period of limitations has not run and the defendant should be found guilty of a lesser offense for which the period of limitations has run, the finding of the lesser and included offense against which the statute of limitations has run shall not be a bar to punishment for the lesser offense.").

¶5     On direct appeal, this court affirmed Jackson's conviction for unlawful sexual conduct, albeit on a different ground. *State v. Jackson*, 2011 UT App 318, ¶ 1, 263 P.3d 540. We determined that unlawful sexual conduct is *not* a lesser included offense of rape and "the time for prosecuting Jackson for Unlawful Sexual Conduct cannot be extended by the longer statute of limitations applicable to the prosecution of rape." *Id.* ¶ 15. Notwithstanding this error, we refused to reverse the conviction, holding that Jackson forfeited the statute-of-limitations defense when he failed to raise it before the jury convicted him of unlawful sexual conduct. *Id.* ¶¶ 34–35.

¶6     Next, Jackson filed a petition for relief pursuant to the Post-Conviction Remedies Act (PCRA), claiming he was deprived of his constitutional right to effective assistance of counsel when his trial counsel failed to timely assert the statute-of-limitations defense to the unlawful-sexual-conduct charge.

¶7     The State moved for summary judgment, arguing that Jackson did not establish that his counsel failed to discover the statute-of-limitations defense or that she could have had no legitimate strategic reason for forfeiting it. The State also asserted that Jackson failed to show a reasonable probability he would have received a more favorable result if counsel had performed differently.

¶8      Jackson responded that his counsel's failure to investigate and to raise the statute-of-limitations defense until after trial was not a conscious, strategic decision, and her performance therefore fell below the range of reasonable professional assistance. Further, he was prejudiced because there was "no question that the charge he was convicted of would have been dismissed" had trial counsel raised the defense.

¶9      The district court granted summary judgment and dismissed Jackson's petition, ruling that he had not demonstrated prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984).[3] Specifically, the court considered "whether [Jackson had] established a genuine issue of material fact that there is a reasonable probability that, but for his counsel's failure to recognize and timely assert his statute of limitations defense to unlawful sexual conduct, the outcome of the trial would have been different." It reasoned that by allowing "the unlawful sexual conduct charge [to] go to the jury despite the fact that the statute of limitations had expired, [Jackson] received the benefit of a conviction of a lesser crime." Further, the court determined that the jury would have convicted Jackson of rape if the lesser charge had been dismissed. As a result, it concluded there was no reasonable probability of an acquittal even if counsel had recognized and timely asserted Jackson's statute-of-limitations defense.

¶10     The district court's decision relied heavily on this court's dicta in the decision resolving Jackson's direct appeal. *State v.*

---

3. In his petition, Jackson also argued that his appellate counsel was ineffective for failing to assert his ineffective-assistance-of-trial-counsel claim on direct appeal. Because the district court determined that this second claim depended upon the success of Jackson's first claim for relief, it dismissed Jackson's second claim after dismissing his first.

*Jackson*, 2011 UT App 318, 263 P.3d 540. In holding that he waived his statute-of-limitations defense at trial, this court cautioned that Jackson would face a "heavy burden to establish counsel's ineffectiveness." *Id.* ¶ 32.

> [W]here some charges are time-barred and some are not, as in this case, it is appropriate to consider whether the defendant obtained a tactical advantage by failing to raise the limitations defense at trial. If the evidence is strong and the risk of conviction on the greater offense with higher penalties is likely, the defendant might consciously refrain from asserting a statute of limitations defense to a charge with lesser penalties. If the jury has no other option, conviction of the greater charge may be almost certain. By allowing the lesser charge to go to the jury despite the fact that the statute of limitations has expired, the defendant may receive the benefit of a conviction on a lesser crime.

*Id.* (footnotes omitted). Jackson now appeals from the district court's entry of summary judgment and its dismissal of his PCRA petition.

ISSUE AND STANDARD OF REVIEW

¶11  "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Ross v. State*, 2012 UT 93, ¶ 18, 293 P.3d 345 (citation and internal quotation marks omitted). "Similarly, we review a grant of summary judgment for correctness, granting no deference to the [lower] court." *Id.* (alteration in original) (citation and internal quotation marks omitted). We will affirm such a decision "when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." *Id.* (citation and internal quotation marks omitted); *see also* Utah R. Civ. P. 56(c). In conducting our analysis, "we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Ross*, 2012 UT 93, ¶ 18 (citation and internal quotation marks omitted).

ANALYSIS

¶12    On appeal, Jackson argues that his counsel's "failure to identify and timely assert the statute of limitations" defense to the lesser charge was "not tactical" and "fell below the range of reasonable professional assistance." Further, her decision "could not have been strategic because she was unaware that the statute of limitations on unlawful sexual conduct had expired until after trial." The State counters that "Jackson failed to demonstrate . . . that [counsel's] decision to offer the jury a lower but time barred charge fell below an objective standard of reasonableness." According to the State, "counsel's forfeiture of the statute of limitations defense was an objectively sound trial strategy— whether counsel knew it or not." Jackson responds that the question is not whether the strategy was reasonable, but whether counsel's failure to identify and examine a defense was reasonable. We conclude that Jackson has not demonstrated deficiency in his trial counsel's performance.

¶13    In the context of a summary judgment motion in a PCRA proceeding premised on a claim of ineffective assistance of counsel, Jackson "bears the burden of proving his underlying legal claims of ineffective assistance of counsel." *See Menzies v. State*, 2014 UT 40, ¶ 81, 344 P.3d 581. When the State files its motion for summary judgment, it "bears the initial burden of showing that it is entitled to judgment and that there is no genuine issue of material fact that would preclude summary judgment in [its] favor." *Id.* (alteration in original) (citation and internal quotation marks omitted). "Once the State makes that

showing, the burden of proof then shifts to [Jackson,] the nonmoving party . . . ." *See id.* Because Jackson bears the burden of proving ineffective assistance, he "cannot rest on [his] allegations alone" but instead "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (alteration in original) (citations and internal quotation marks omitted).

¶14 Under the PCRA, a criminal defendant may obtain relief if he establishes he received ineffective assistance of counsel.[4] Utah Code Ann. § 78B-9-104(1)(d) (LexisNexis 2012). To prevail on such a claim, Jackson must meet his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a defendant to show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687.

¶15 "A satisfactory showing of both parts of the *Strickland* test is required for the defendant to prevail." *Menzies*, 2014 UT 40, ¶ 78. "As a result, it is not necessary for us to address both components of the inquiry if we determine that a defendant has made an insufficient showing on one." *Id.* (citation and internal quotation marks omitted). Because Jackson has failed to demonstrate deficient performance, we do not address the prejudice prong.[5]

---

4. Although Jackson may not raise an ineffective-assistance-of-trial-counsel claim under the PCRA without also demonstrating that his appellate attorney was deficient, because Jackson's trial counsel also represented him on direct appeal, we may examine his claim that she rendered constitutionally ineffective assistance. *See Johnson v. State*, 2011 UT 59, ¶ 11, 267 P.3d 880.

5. Although the district court's grant of summary judgment relied on its conclusion that Jackson failed to show prejudice stemming from his counsel's performance, we may affirm on "any legal ground or theory apparent on the record." *Bailey v.*

(continued...)

¶16    Our court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To overcome this presumption, Jackson must demonstrate that counsel's "representation fell below an objective standard of reasonableness" under "prevailing professional norms" and was not part of a "sound trial strategy." *See id.* at 688–89 (citation and internal quotation marks omitted). Given the "strong presumption of competence, we need not come to a conclusion that counsel, in fact, had a specific strategy in mind." *State v. Tennyson*, 850 P.2d 461, 468 (Utah Ct. App. 1993) (citing *Strickland*, 466 U.S. at 689). "Instead, we need only articulate some plausible strategic explanation for counsel's behavior." *Id.* This "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Harrington v. Richter*, 562 U.S. 86, 109–10 (2011) (citing *Strickland*, 466 U.S. at 688).

¶17    Jackson has not overcome the strong presumption that his trial counsel's waiver of the statute-of-limitations defense might be considered sound trial strategy. His affidavit merely alleges that his attorney did not discuss the statute-of-limitations issue with him before trial, did not inform him that she made a strategic decision about proceeding with the unlawful-sexual-

---

(…continued)

*Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158 (citation and internal quotation marks omitted); *see also Butterfield v. Cook*, 817 P.2d 333, 338 (Utah Ct. App. 1991) (declining to reach the issue of whether counsel performed deficiently and instead affirming on the alternative basis that counsel's performance was not prejudicial).

conduct charge, and was unaware of the possibility.[6] This is not enough to rebut the "presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *See Strickland*, 466 U.S. at 687–88 (citation and internal quotation marks omitted). Accordingly, we consider whether such a tactical decision would fall within the "wide range of reasonable professional assistance." *See id.* at 689.

¶18    In some instances, reasonable trial counsel may decide her client would benefit from submitting to the jury an instruction on a time-barred lesser charge. "[I]t has long been recognized that [an instruction on a lesser offense] can . . . be beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal." *Beck v. Alabama*, 447 U.S. 625, 633 (1980). As our supreme court has acknowledged, "the availability of the 'third option'—the choice of conviction of a lesser offense rather than conviction of the greater or acquittal—gives the defendant the benefit of the reasonable doubt standard." *State v. Baker*, 671 P.2d 152, 157 (Utah 1983). But the absence of a lesser-offense instruction and the presence of an "all-or-nothing choice" may "increase[] the risk that the jury will convict . . . to avoid setting the defendant free." *Spaziano v. Florida*, 468 U.S. 447, 455 (1984). On Jackson's direct appeal, this court recognized the potential benefits of an instruction on a time-barred lesser offense. *State v. Jackson*, 2011 UT App 318, ¶ 32, 263 P.3d 540. This court also acknowledged the possibility that a defendant like Jackson might consciously refrain from asserting a statute-of-limitations defense to a charge with lesser penalties where the evidence is

---

6. Jackson's affidavit was required to "set forth . . . facts as would be admissible in evidence," but much of it relies on inadmissible hearsay and was not "made on personal knowledge," as the rule requires. Utah R. Civ. P. 56(e).

strong and the risk of conviction on a greater offense with higher penalties is likely.[7] *Id.*

¶19    On this appeal, Jackson asks us to review trial counsel's performance subjectively. But our consideration of counsel's performance does not depend on "counsel's subjective state of mind." *Harrington*, 562 U.S. at 109–10 (citing *Strickland*, 466 U.S. at 688). Rather, we focus on the "objective reasonableness of counsel's performance." *Id.* (citing *Strickland*, 466 U.S. at 688). Under the circumstances of this case, professionally competent trial counsel may have reasonably chosen to forgo raising a statute-of-limitations defense to the lesser charge of unlawful sexual conduct. Had she raised the defense, the court likely would have dismissed the alternative charge and the jury would have been left with the choice of convicting Jackson of first-degree-felony rape or acquitting him entirely. Objectively, counsel could have reasonably concluded that faced with an all-or-nothing choice, there was a greater likelihood the jury would convict Jackson of the more serious charge. And reasonable counsel may well have decided that the risk of conviction on the time-barred lesser charge was worth it given the reduced risk of a conviction on the greater charge.[8] Because waiving the statute-

---

7. In a similar vein, this court generally affords deference to defense counsel's decision to request or not request a lesser-included-offense instruction in recognition that "counsel is in the best position to gauge the defendant's likelihood of defeating a charge outright and to weigh the possibility that acquittal is not in the cards but that a jury might be satisfied with a conviction on a lesser charge." *State v. Binkerd*, 2013 UT App 216, ¶ 31, 310 P.3d 755.

8. In fact, Jackson's counsel likely recognized the advantages of a lesser offense being submitted to the jury. After the jury posed a question to the court during its deliberations regarding consent,

(continued...)

of-limitations defense in this context would constitute a sound trial strategy, we conclude Jackson's trial counsel's performance was not objectively deficient.

CONCLUSION

¶20 Jackson has not demonstrated that his counsel's performance fell below an objective standard of reasonableness, and we therefore conclude his ineffective-assistance-of-counsel claim fails. As a consequence, we affirm the district court's grant of summary judgment and dismissal of Jackson's PCRA petition.

_____

(…continued)
counsel affirmatively requested an additional jury instruction on another lesser offense—incest—even though, like the crime of unlawful sexual conduct, the statute of limitations had expired. This request also reflected a reasonable strategic choice.